[Civ. No. 3222. First Appellate District, Division One.—July 16, 1920.]

FISHER R. JORDAN, Appellant, v. HARRY E. ALDER-SON et al., Members of Board of Medical Examiners, Respondents.

[1] MEDICAL PRACTICE ACT—REVOCATION OF LICENSE — CERTIORARI — EVIDENCE.—Upon a proceeding in *certiorari* to annul an order of the board of medical examiners revoking petitioner's license to practice medicine, the court has nothing to do with conflict of testimony before the board, nor with irregular or erroneous rulings on admission of evidence, where the record shows the jurisdictional requirements with respect to these matters have been fulfilled.

[2] ID.—CHARGE OF CRIMINAL ABORTION—NATURE OF PROCEEDINGS—EVIDENCE.—The fact that the unprofessional conduct or act of which the physician is accused is called a criminal abortion does not make the proceedings before the board of medical examiners a criminal proceeding to the extent of making applicable to the hearing the provisions of the Penal Code with respect to evidence necessary to convict of a crime.

[3] ID.—RECORD OF HEARING—CERTIORARI — EVIDENCE. — Upon a proceeding in *certiorari* to annul an order of the board of medical examiners revoking petitioner's license to practice medicine, where the record of the hearing before the board affirmatively shows that the required number of members were present during the hearing and voted in favor of the order, it is not necessary to take testimony on that point.

[4] ID.—ABSENCE OF DENIAL—TRIAL—WAIVER OF OBJECTION—APPEAL. Where the hearing before the trial court, upon a proceeding in *certiorari* to annul an order of the board of medical examiners revoking petitioners' license to practice medicine, proceeds upon the theory that the respondents had filed a denial of the allegations of the amended petition, the fact that such a denial was not filed cannot be taken advantage of on appeal.

[5] ID.—CONFLICT BETWEEN PETITION AND RECORD.—Where the petition and amended petition upon such proceeding in *certiorari* contain the entire record of the proceedings before the board of medical examiners, and such record contradicts the allegations of the petition and amended petition, such record must prevail.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank M. Carr and Samuel M. Shortridge for Appellant.

Harry A. Encell for Respondents.

KOFORD, J., *pro tem.*—This is an appeal from a judgment refusing on *certiorari* to annul an order of the state board of medical examiners revoking petitioner's license to practice medicine in the state of California.

The proceedings before the board were taken under the provisions of the Medical Practice Act Stats. 1913, p. 722, c. 354; Stats. 1915, p. 184, c. 105, and also amended in 1917 [p. 93, c. 81] and 1919 [p. 1299, c. 632].) The complaint charged the petitioner with unprofessional conduct under subdivision 1 of section 14 of the act, by procuring a criminal abortion upon a pregnant woman.

Appellant contends that the record of the proceedings had and taken before the board shows such an absence of proper evidence as to amount to lack of jurisdiction in the board to make the order under review. It will serve no useful purpose to again state the powers of the court upon *certiorari*, particularly with reference to the action of the board of medical examiners in revoking a physician's license for unprofessional conduct in procuring an abortion. This subject has been fully discussed in several recent decisions: *Thrasher* v. *Board of Medical Examiners*, 44 Cal. App. 26, [185 Pac. 1006]; *Lanterman* v. *Anderson*, 36 Cal. App. 472, [172 Pac. 625]; expressly approved in *Suckow* v. *Alderson*, 182 Cal. 247, [187 Pac. 965]; *Anderson* v. *Board of Dental Examiners*, 27 Cal. App. 339, [149 Pac. 1006].

The record shows that there was an ample sufficiency of proper evidence to prove that the woman operated upon was pregnant at the time of the offense charged. The woman herself so testified, and on oath reaffirmed the truth of a full, detailed written statement giving circumstances, conditions, and symptoms, signed by her at the emergency hospital shortly after the offense. Also, expert medical testimony given by a physician who had made an examination of the patient shortly after the offense, was proper evidence and of a convincing character. There was a conflict in the testimony of the expert witnesses, and appellant complains that his cross-examination of the woman at the hearing on her belief as to her previous pregnancy was erroneously limited by the board. [1] But it is well settled

that on this proceeding the court had nothing to do with conflict of testimony, nor with irregular or erroneous rulings on admission of evidence, where the record shows the jurisdictional requirements with respect to these matters have been fulfilled. (*Tinn* v. *United States District Attorney*, 148 Cal. 774, [113 Am. St. Rep. 354, 84 Pac. 152]; *Lanterman* v. *Anderson, supra; Anderson* v. *Board of Dental Examiners, supra.*)

The record also shows by the same testimony, and by proper and legal evidence, the performance of the illegal operation by petitioner. The testimony and denials of the petitioner, who was a witness for himself, only created a conflict in the evidence before the board, with which, as we have already said, the court had nothing to do on the hearing of the writ of *certiorari*. [2] The fact that the act complained of is called a criminal abortion does not make the proceedings before the board a criminal proceeding to the extent of making applicable to the hearing the provisions of the Penal Code with respect to evidence necessary to convict of a crime. (*Lanterman* v. *Anderson, supra.*)

Appellant contends that the order revoking petitioner's license did not receive the affirmative vote of seven members of the board who heard the testimony. The record shows the affirmative vote of eight members. The minutes do not show that Dr. Alderson was present at the beginning of the meeting at which this vote was taken, but even leaving out his vote, there remained seven other affirmative votes.

Appellant also claims that seven members were not present during the entire hearing. The trial court admitted testimony on the question of which members were present. Appellant draws special attention to the testimony on this point given in the trial court by his own counsel during the hearing had on the writ. This testimony was to the effect that two of the members of the board conversed between themselves in one part of the room during the time that petitioner was on the witness-stand in his own behalf. Under cross-examination, however, whatever effect this testimony would have, melted away. The phonographic reporter and two of the members of the board also testified in court upon this question.

The trial court, going further than is required or permitted upon *certiorari*, received and considered this testi-

mony. It concluded by the judgment appealed from that the weight of such testimony was in favor of the regularity of the vote and hearing of the board. In other words, determined in favor of the correctness of the record of the proceedings before the board returned into court under the writ. If the matter were open to us we could do no more than refer to the oft-repeated rule that the determination of the trial court on conflicting evidence will not be interfered with by the appellate court.

However, not only the court but also the board of medical examiners determined the existence of these jurisdictional facts. It not only determined these facts impliedly by making its order revoking the license, but again expressly upon a motion to reconsider made by appellant upon this ground after unfavorable action of the board had been taken. [3] Its record showing this fact affirmatively made unnecessary the taking of testimony on the point. It was distinctly so held upon this precise question in *Lanterman* v. *Board, etc., supra.*

[4] Appellant is in no position to take advantage of the failure of respondent to file an answer to the amended petition. The hearing before the trial court proceeded as though a denial had been filed. No point was made of this in the trial court. [5] Furthermore, the petition and amended petition contain the entire record of the proceedings before the medical board. This record contradicts the allegations of the petition, and must prevail. (*Lanterman* v. *Board, etc., supra.*)

The record of the proceedings before the board shows that the board did not act without jurisdiction in making the order complained of, and the court properly refused to annul the order on the hearing of the writ.

The judgment appealed from is affirmed.

Waste, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 13, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 13, 1920.

All the Justices concurred.