[Civ. No. 3924. First Appellate District, Division Two.—December 5, 1921.]

ROBERT G. SHOULTS, Appellant, v. HARRY E. ALDERSON et al., Members of the Board of Medical Examiners, etc., Respondents.

[1] MEDICAL ACT — UNPROFESSIONAL CONDUCT — DEFERRING OF JUDGMENT—JURISDICTION OF BOARD.—The board of medical examiners, after acquiring jurisdiction of a proceeding to revoke a license for unprofessional conduct, has the power to continue its hearings from time to time, and to defer for a period of months the pronouncing of its judgment upon one found guilty of such conduct.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank M. Carr and H. W. Brunk for Appellant.

Harry A. Encell and Frank M. Smith for Respondents.

LANGDON, P. J.—This is an appeal by the petitioner from a judgment of the superior court upon proceedings upon a writ of review, which judgment affirmed the proceedings of the respondents acting as the board of medical examiners of the state of California.

The only question before this court upon this appeal is: Did the board of medical examiners exceed its jurisdiction in making the order complained of? (Sec. 1068, Code Civ. Proc.; *Jordan* v. *Alderson,* 48 Cal. App. 547 [192 Pac. 170].) The facts pertinent to a determination of that question are:

Petitioner was duly and regularly licensed to practice as a "Doctor of Naturopathy" in the state of California, on March 1, 1909, and continued to practice his profession until the action of the board of medical examiners of which he complains. In May, 1918, complaint and citation were served upon appellant under the provisions of the Medical Practice Act (Stats. 1917, p. 93). The complaint charged that appellant had been guilty of unprofessional conduct under the eleventh subdivision of section 14 of the Medical Practice Act of the state of California, on or about the eleventh day of May, 1918, in the county of Marin, state of California, by then and there using certain letters, terms, and abbreviations or words as affix and suffix to his said name, indicating that said Shoults was then and there entitled to practice the system or mode of treating the sick or afflicted in the state of California for which he was not licensed in the state of California. The citation required appellant to appear before the board for a hearing on June 25, 1918. An answer was filed by appellant in which he denied being guilty of unprofessional conduct, but admitted having used the abbreviations "M. D." attached to his name

upon his professional cards and stationery and upon a sign in front of his office, but alleged that such action on his part was not for the purpose of holding himself out to the public as entitled to practice a system of medicine which he was not licensed to practice, but that it was used because appellant had received the degree of Medicinae Doctor from a legally chartered medical college of the state of Illinois and believed he had a right to use this degree after his name; that he had never practiced or held himself out as practicing any art of healing other than "Naturopathy."

At the hearing appellant appeared by counsel and in person and admitted the use of the suffix complained of by the board, whereupon he was found guilty of unprofessional conduct as charged in the complaint.

The attorney for Dr. Shoults stated that the doctor was willing to discontinue the use of the suffix to his name and asked that the board consider that fact and dismiss the proceedings. The following then occurred:

"Doctor Smith: There is no desire on the part of the board of hurting Doctor Shoults in any way, and if there is any way of his retaining his license, and confining his practice to the license which he has, I think there would be no intention or desire on the part of the board to interfere with him further.

"Mr. Jackson: He does consent to dropping the letters M. D.

"President Phillips: All right, and defer judgment?

"Mr. Ward (Attorney for Medical Board): Yes.

"Doctor Pinkham: I move that the judgment be deferred in the case of Doctor Shoults.

"President Phillips: Until when?

"Doctor Smith: I will make it thirteen months, that he be put on probation.

"Doctor Tasker: Second the motion.

"Mr. Ward: Do you consent to that? Do you understand that?

"Mr. Jackson: Yes, if he has not used the suffix M. D. during that time it is all right, and if he does his license will be revoked.

"Mr. Ward: Yes.

"Doctor Smith: As covered by his naturopathic license, and he is supposed to conform to the limits of that license.

"Mr. Jackson: It is admitted that he does, and there is no evidence to the contrary. He simply used those letters believing he had a right to use them. He at no time operated as a doctor of medicine, and he simply used the initials M. D. after his name.

"President Phillips: Why would you object to this being deferred on condition that he conform in every way to the provisions of the Medical Practice Act?

"Mr. Jackson: It is rather a long-time sentence. I am satisfied he has never violated the law in regard to his mode of practicing, and there is no evidence that he has.

"Mr. Ward: I wouldn't go into that very much, Mr. Jackson.

"Mr. Jackson: All right, if the board wants him to be put on probation, so to speak, for that period of time, we will agree to that.

"President Phillips: Any further remarks?

"Mr. Ward: Has the motion been put?

"President Phillips: No, it has not been put. The motion is then that the respondent be put on probation for thirteen months. You have heard the motion, duly seconded. Are you ready for the question? All in favor will say 'Aye.'

"The motion was carried, unanimously, by the board."

Appellant contends that because the chairman, in stating the motion, did so inaccurately, his language is to be looked to for the sense of the motion carried by the board, and not the language of the mover and the intention of the member who seconded the motion as it was actually made. Starting from this premise, appellant argues that the motion carried by the board is a judgment placing appellant upon probation for thirteen months, which would be a penalty unauthorized by the Medical Practice Act, the source of respondent's power.

[1] The power of the board to inflict such a penalty upon one found guilty of unprofessional conduct is not a question presented to us upon this appeal, as we view the portion of the record hereinbefore set forth. We think the motion carried by the board was that the judgment be deferred for thirteen months. This was the motion seconded

by Doctor Tasker and heard by all members of the board
who were present, and it is plain from the entire discussion
that such was the motion intended to be carried and that
was carried by the board. This motion was not a final
order or judgment; it was merely an order deferring the
final judgment for a specified time. Assuredly, under the
general powers given to the board by the Medical Practice
Act, it would have implied power to continue its hearings
from day to day or for any other longer period which
seemed to it convenient or desirable under the circumstances.
Such power would be indispensable to the successful func-
tioning of the board in the method provided in the act, and
would, consequently, be implied if not expressed therein.
Furthermore, the appellant expressly consented to such con-
tinuance.

When, later, it was brought to the attention of the board
that the appellant had violated his promise and was using
the suffix "M. D." on his stationery, prescriptions, and
labels for bottles, the secretary of the board wrote to him
stating that further hearing in the matter of the revocation
of his license would be placed on the calendar for June 24,
1919. On that date appellant appeared before the board
in person and represented by an attorney. He was exam-
ined and admitted that since the prior hearing he had used
stationery on which was printed his name with the suffix
"M. D." Testimony was also given by another witness of
further violations by appellant, in this particular, of the
Medical Practice Act.

Upon such a showing the board voted, unanimously, to re-
voke appellant's license. In inflicting this penalty the board
was merely pronouncing the deferred judgment which it was
empowered to render at the first hearing.

We find no grounds for a reversal of the judgment of the
superior court. The board of medical examiners acquired
jurisdiction of the appellant and of the subject matter by
the procedure prescribed in the Medical Practice Act, and
it had power to continue its hearing and to finally inflict
the penalty which it did.

The judgment appealed from is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 4, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1922.

All the Justices concurred.