[Civ. No. 5336.  First Appellate District, Division Two.—December 1, 1925.]

## DAVIS GRISSO, Appellant, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA, Respondent.

[1] MEDICAL PRACTICE ACT—REVOCATION OF LICENSE—APPEAL—CONSTITUTIONAL LAW. — The provision of section 14 of the Medical Practice Act, which attempts to confer appellate. jurisdiction upon the superior court of an appeal from an order of the Board of Medical Examiners revoking a physician's license, is unconstitutional.

[2] ID.—REVIEW OF ORDER REVOKING LICENSE—CERTIORARI.—*Certiorari* is the proper remedy to obtain review of an order of the Board of Medical Examiners revoking or suspending a physician's license.

[3] ID.—RECORD OF HEARING—EVIDENCE—CERTIORARI.—Upon an application to the superior court for a writ of *certiorari* to review an order of the Board of Medical Examiners revoking a physician's license to practice medicine and surgery, the power of that court is limited to ascertaining if the facts alleged in the petition for the writ indicate that the board acted according to the provisions of section 14 of the Medical Practice Act, that the petitioner was a physician and surgeon duly licensed by the board and over whom it had jurisdiction, that he was regularly brought before the board for trial, that a hearing was had, and that evidence supporting the charge was adduced at the hearing.

---

1.  See 20 Cal. Jur. 1061.
2.  See 20 Cal. Jur. 1061.

[4] ID.—PROCEEDINGS FOR REVOCATION OF LICENSE—JURISDICTION—CONSTITUTIONAL LAW.—Section 14 of the Medical Practice Act, which confers upon the Board of Medical Examiners the power to revoke licenses to practice medicine, and outlines the procedure upon such revocation and sets forth the causes for revocation, is constitutional.

[5] ID.—USE OF FICTITIOUS NAME—UNPROFESSIONAL CONDUCT.—The fact that a physician and surgeon, who was charged by the Board of Medical Examiners with a violation of subdivision 8 of section 14 of the Medical Practice Act, had filed with the county clerk a certificate provided for by section 2466 of the Civil Code, stating that he was the sole owner of "Bohannon Cancer Institute" and was doing business under that name, did not affect the authority of the board to revoke his license for unprofessional conduct.

(1) 30 **Cyc.**, p. 1558, n. 96.    (2) 30 **Cyc.**, p. 1558, n. 96.    (3) 30 **Cyc.**, p. 1558, n. 96 New, 98 New.    (4) 30 **Cyc.**, p. 1555, n. 76. (5) 30 **Cyc.**, p. 1555, n. 80, p. 1556, n. 88.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Walter Perry Johnson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hilton & Christensen for Appellant.

A. B. Bianchi for Respondent.

LANGDON, P. J.—This is an appeal by the plaintiff from a judgment in favor of defendant entered upon an order sustaining a general and special demurrer to an amended petition for writ of review.

The petition sets forth that Davis Grisso was a duly licensed and practicing physician and surgeon in the state of California; that a complaint was duly and regularly filed against him by the state Board of Medical Examiners, charging him with unprofessional conduct under section 14 of the Medical Practice Act, subdivision 8 thereof (Stats. 1913, p. 732, as amended by Stats. 1921, p. 1012) ; that he filed

4.  Validity of statute providing for revoking of license of physician or surgeon, note, 5 A. L. R. 94.

5. See 20 **Cal. Jur.** 1062.

an answer thereto and a partial hearing was had in July, 1923, at the city and county of San Francisco, California; that the matter was continued to a subsequent meeting of the Board at Sacramento, California, in the month of October, 1923, when and where the hearing was concluded. Dr. Grisso was found guilty as charged and his license was revoked. A transcript of the evidence produced before the Board was appended to the petition for the writ of review, which petition was filed in the superior court of the state of California in and for the city and county of San Francisco.

Defendant filed a demurrer to the petition upon the grounds that it did not state facts sufficient to constitute a cause of action; that the court had no jurisdiction over the parties or the subject matter and other grounds which need not concern us here. The order sustaining the demurrer was general.

[1] Appellant attacks the ruling upon demurrer as though it were an order upon a special demurrer interposed merely upon the ground that the petition was filed in the wrong forum. As we have stated, that was not the sole ground of demurrer; but as it was one of the grounds, we shall consider it first. Section 14 of the state Medical Practice Act provides: " . . . that the holder of any certificate which has been revoked or suspended by the board of medical examiners may within twenty days after receiving notice of said revocation or suspension of his said license, appeal to the superior court of the state of California *in the county or city and county in which such suspension or revocation was made* by the board of medical examiners. Upon such appeal being taken by such person whose license has been revoked or suspended by the board of medical examiners in accordance with the provisions of this act, the said superior court shall have full power to review all of the proceedings and testimony taken in said hearing before the board of medical examiners, and to inquire into the sufficiency of the evidence upon which said suspension or revocation was made. . . . "

Respondent contends that as the license was revoked in Sacramento, California, petitioner's only remedy is an appeal to the superior court there because of the foregoing provision of the state Medical Practice Act. Appellant takes the position that such provision is unconstitutional and void and

he may ignore it and proceed in *certiorari*. The case of *Millsap* v. *Alderson*, 63 Cal. App. 518, 532 [219 Pac. 469], settles that controversy in favor of appellant. [2] The provision for appeal contained in the state Medical Practice Act is unconstitutional and *certiorari* or writ of review is the proper remedy. Had the demurrer raised that question alone it should have been overruled.

We come next to the question presented by the demurrer for want of sufficient facts to warrant the granting of the relief asked.

[3] Section 14 of the state Medical Practice Act makes provision for the revocation by the Board of Medical Examiners of licenses to practice medicine, outlines the procedure upon such revocation, and sets forth the causes for revocation. The facts hereinbefore recited and appearing in the petition for writ of review indicate that the Board acted according to the provisions of said act and that the petitioner was regularly brought before the Board for trial. He was a physician and surgeon, licensed by the Board and over whom it had jurisdiction. A hearing was had and evidence supporting the charge was adduced at said hearing. Upon the application for a writ of review the inquiry of the court need go no further; its powers are limited. The case of *Jordan* v. *Alderson*, 48 Cal. App. 547 [192 Pac. 170], is pertinent upon the function of the court in such a proceeding. Therein it was said: "The proceedings before the Board were taken under the provisions of the Medical Practice Act. . . . The complaint charged the petitioner with unprofessional conduct. . . . Appellant contends that the record of the proceedings had and taken before the Board shows such an absence of proper evidence as to amount to lack of jurisdiction in the Board to make the order under review. It will serve no useful purpose to again state the powers of the court upon *certiorari*, particularly with reference to the action of the board of Medical examiners in revoking a physician's license for unprofessional conduct in procuring an abortion. This subject has been fully discussed in several recent decisions: *Thrasher* v. *Board of Medical Examiners*, 44 Cal. App. 26 [185 Pac. 1006]; *Lanterman* v. *Alderson*, 36 Cal. App. 472 [172 Pac. 625]; expressly approved in *Suckow* v. *Alderson*, 182 Cal. 247 [187

Pac. 965]; *Anderson* v. *Board of Dental Examiners*, 27 Cal.
App. 339 [149 Pac. 1006]."

[4] The petition for the writ alleges that the section of
the state Medical Practice Act under which petitioner's
license was revoked is unconstitutional; but the power of
the Board under this section has been repeatedly upheld in
this state as evidenced by the cases cited herein. [5] Peti-
tioner also asserts that his action in filing with the county
clerk of the county of Alameda, California, a certificate pro-
vided for by section 2466 of the Civil Code of California,
stating that he was the sole owner of "Bohannon Cancer
Institute" and was doing business under that name, did
not constitute a violation of the state Medical Practice Act.
A similar contention was made in *Berry* v. *Alderson*, 59 Cal.
App. 729 [211 Pac. 836], but the court sustained the action
of the Board in revoking the license.

There seems to be no merit in the petition for the writ
and the general demurrer was properly sustained upon this
theory.

The judgment is affirmed.

NOURSE, J., and STURTEVANT, J., concurred.

A petition for a rehearing of this cause was denied by
the district court of appeal on December 30, 1925.