[S. F. No. 12339.   In Bank.—April 22, 1927.]

## STATE BOARD OF CHIROPRACTIC EXAMINERS et al., Petitioners, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA, in and for the County of Los Angeles, Respondent.

[1] COURTS — JURISDICTION — CERTIORARI. — The superior courts have constitutional jurisdiction in *certiorari,* and if they err in the exercise of their jurisdiction, an appeal will lie from their determination.

[2] CHIROPRACTIC ACT — REVOCATION OF LICENSE TO PRACTICE — CERTIORARI—PROHIBITION.—A writ of prohibition will not issue to prohibit the superior court from carrying forward *certiorari* proceedings to review the action of the California State Board of Chiropractic Examiners in the revocation of a license to practice, as the decisions of such board may be reviewed by *certiorari.*

---

(1) 11 C. J., p. 140, n. 68, p. 216, n. 41, p. 218, n. 69; 15 C. J., p. 985, n. 42.   (2) 30 Cyc., p. 1558, n. 98 New.

APPLICATION for a Writ of Prohibition to arrest proceedings in *certiorari* in the Superior Court of Los Angeles County.   Hartley Shaw, Judge.   Writ denied.

The facts are stated in the opinion of the court.

Frank V. Kington for Petitioners.

Bradner W. Lee, Jr., and Kenyon F. Lee for Respondent.

1.   See 4 Cal. Jur. 1081, 1115.
2.   See 4 Cal. Jur. 1115.

THE COURT.—The purpose of this petition for a writ of prohibition is to arrest further proceedings in the respondent Superior Court in the matter of the application of one Charles Henry Wood for a writ of review pending in said court. The petitioners are the members of and constitute the California State Board of Chiropractic Examiners, functioning pursuant to an initiative statute adopted at the general election on November 7, 1922 (Stats. 1923, p. lxxxviii).

In June, 1926, a proceeding authorized by section 10 of said act was commenced before said board to revoke a license to practice chiropractic theretofore issued to said Charles Henry Wood, and which resulted in the revocation of said license. Thereafter Wood filed in the respondent court a petition for a writ of review to annul the order of the board revoking his license. The writ was issued and respondent therein, petitioners here, were directed to certify to the court the transcript of the record in the matter of the revocation of said license. The present proceeding was then instituted to prohibit the respondent Superior Court from carrying forward the *certiorari* proceedings pending therein. The petitioners herein base their application on the ground that the Board of Chiropractic Examiners does not exercise judicial functions under the statute creating it, and that therefore *certiorari* under sections 1067 and 1068 of the Code of Civil Procedure will not lie to review the action of that board.

[1] The respondent Superior Court has constitutional jurisdiction in *certiorari* (Const., art. VI, sec. 5). It may err in the exercise of its jurisdiction, but an appeal will lie from its determination.

[2] No special circumstances appear herein which would seem to justify the writ of prohibition. This is especially true since it has been repeatedly held that boards, such as the petitioner board, empowered to revoke licenses previously granted, may have their decisions subjected to revision by way of *certiorari*. In *Suckow* v. *Alderson,* 182 Cal. 247 [187 Pac. 965, 966], this court said, at page 250, that "it is now well established in this state that tribunals such as the board of medical examiners or other boards empowered to revoke licenses which they have previously granted, for cause defined by the law, are not courts in the strict sense;

they are not exercising 'the judicial power of the state' as that phrase is used in the Constitution conferring judicial power upon courts, and that statutes creating such boards and conferring upon them such powers are constitutional. (Citing cases.) It is also settled that where a board has exercised *quasi*-judicial power of the nature of that here in question, its decisions are subject to revision by way of *certiorari.*'' (See, also, *Brecheen* v. *Riley,* 187 Cal. 121 [200 Pac. 1042] ; *Anderson* v. *Board of Dental Examiners,* 27 Cal. App. 336 [149 Pac. 1006] ; *Dyment* v. *Board of Medical Examiners,* 57 Cal. App. 260 [207 Pac. 409].) We see no good reason for departing from the rule laid down in the foregoing cases.

The writ is denied and the proceeding is dismissed.