[Civ. No. 5858. First Appellate District, Division One.—June 21, 1927.]

DAVIS GRISSO, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent.

Soren X. Christensen and J. C. Wood for Petitioner.

A. B. Bianchi for Respondent.

KNIGHT, J.—This is a proceeding in *mandamus*. The petitioner, as shown by the allegations of his petition, was engaged in the practice of medicine and surgery in Alameda County under a license issued to him on February 23, 1921, by the board of medical examiners of the state of California, and duly registered by petitioner, as required by the state Medical Practice Act (Stats. 1913, p. 722), in the office of the county clerk of said county. In July, 1922, charges of unprofessional conduct were preferred against petitioner, and on October 18, 1923, said board of medical examiners heard the same and determined that petitioner was guilty thereof; whereupon an order was made revoking his license. The board of medical examiners conducted the hearing and its order of revocation was made and entered in the city of Sacramento. Subsequently, the secretary of said board certified the order of revocation to the county clerk of Alameda County, who caused a written entry thereof to be made across the face of the registration record.

Thereafter, and on February 17, 1926, petitioner filed an application in the Superior Court in and for the County of Alameda for a writ of review, seeking to have reviewed the proceedings upon which the order of revocation was founded, and to have the latter annulled. The board of medical examiners appeared in the proceeding and contested the issuance of said writ by filing a demurrer to the petition. Thereafter, the allegations of the petition in the instant proceeding show, "said Superior Court . . . sustained said demurrer and declined and refused to take jurisdiction of said cause and declined and refused to review the decision of said Medical Board . . . " Petitioner then applied for and obtained from the Supreme Court an alternative writ of mandate directing said Superior Court and the Honorable T. W. Harris, Judge thereof, to assume jurisdiction of said proceeding or to show cause, if any there was, for their refusal so to do; and thereupon said proceeding was transferred to this court for hearing and determination.

The main legal contention urged by petitioner relates to the question of the unconstitutionality of that portion of section 14 of the state Medical Practice Act, as amended in 1925 (Stats. 1925, p. 281), which purports to restrict a licensee whose license has been suspended or revoked, in the

exercise of his remedy for a review of the proceedings resulting in such suspension or revocation, to "the county, or the city and county in which such suspension or revocation has been made by the Board of Medical Examiners." █ Whether or not the order of the Superior Court sustaining the demurrer to the petition for the writ of review was made with leave to amend does not appear from the record before us; but it is immaterial whether it was or was not, for if it was so made, and petitioner declined to amend, the proceeding necessarily would have terminated the same as if the order were made without leave to amend, in a judgment of dismissal; and, therefore, in either event, petitioner was afforded a complete and effective remedy by appeal from such judgment (subd. 1, sec. 963, Code Civ. Proc.) to correct any error which may have been committed by the court in sustaining the demurrer. That being so, petitioner is not entitled to invoke a proceeding in *mandamus* to serve the purpose of an appeal. (*Montgomery* v. *Neilon,* 41 Cal. App. 184 [182 Pac. 456]; *Oliver* v. *Superior Court,* 67 Cal. App. 358 [227 Pac. 647]; *Petaluma Municipal Water District* v. *Superior Court,* 194 Cal. 183 [228 Pac. 24].)

█ Moreover, the action of the trial court in ruling upon the demurrer shows that it did not refuse to entertain jurisdiction of the *certiorari* proceeding, but, on the contrary, proves that it did assume jurisdiction thereof and, after having done so, acted judicially upon the matter before it. Therefore, since it exercised its jurisdictional powers, whether correctly or erroneously, the result of such exercise cannot be reviewed in *mandamus,* but only by way of appeal. (*Petaluma Municipal Water District* v. *Superior Court, supra.*)

Aside from the facts alleged in the petition herein, however, it appears that prior to the application for the writ of review in Alameda County petitioner commenced a similar proceeding against the board of medical examiners in the Superior Court in and for the City and County of San Francisco; and that there, as here, said medical board demurred to the petition upon general and special grounds. The demurrer was sustained, and upon entry of judgment of dismissal petitioner appealed. The trial court's ruling on demurrer was sustained (*Grisso* v. *Board of Medical*

*Examiners,* 75 Cal. App. 385 [242 Pac. 912]), the court on appeal holding in effect that section 14 of the state Medical Practice Act made provision for the revocation by the board of medical examiners of licenses to practice, set forth the causes for revocation, and established the procedure to be followed in bringing charges to trial and for the determination thereof; that it appeared from the allegations of the petition for the writ of review therein that petitioner was a licensee of said board over whom it had jurisdiction and that he had been regularly and legally brought before said board for trial; furthermore, that it appeared from said petition that evidence was adduced at said trial supporting the charges preferred against petitioner; and that, therefore, the court to which the application for the writ of review was made "need go no further," that its powers in *certiorari* were limited and did not permit interference with the exercise of the judgment of the medical board where it affirmatively appeared that the board had complied with the jurisdictional requirements of the statute, citing *Jordan* v. *Alderson,* 48 Cal. App. 547 [192 Pac. 170].

In the instant proceeding neither the contents of the petition for the writ of review filed in Alameda County, the demurrer thereto, nor the order sustaining the demurrer were made part of the record; consequently, we are unable to say whether or not the petition filed in Alameda County was any different in its allegations of material facts from the one filed in the city and county of San Francisco, and if it was not, the demurrer in the Alameda County proceeding, like the one in the San Francisco proceeding, was rightly sustained upon the grounds stated by the District Court of Appeal in its judgment of affirmance. █ Therefore, even assuming that under any possible theory an erroneous ruling on demurrer may be corrected by the courts of appellate jurisdiction through the medium of a *mandamus* proceeding, and that irrespective of the provisions of section 14 of the state Medical Practice Act petitioner herein had the right to institute his proceeding for a review of the action of the medical board in Alameda County, it is clear that the writ of mandate herein applied for will not lie because there is no record before us upon which the determination can be based that the ruling

of the Superior Court in Alameda County in sustaining the demurrer was erroneous.

For the foregoing reasons it is our opinion that the writ prayed for should be denied, and it is so ordered.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 20, 1927, and an application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 19, 1927.