[L. A. No. 16082.   In Bank.—March 16, 1937.]

WARD M. WHITTEN, Respondent, v. CALIFORNIA STATE BOARD OF OPTOMETRY, Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Appellant.

No appearance for Respondent.

THOMPSON, J.—This case was transferred to this court after decision by the District Court of Appeal, Second Appellate District, Division Two, in order that we might give further consideration to the propriety of the issuance of the writ of prohibition to restrain the respondent board from taking further action in proceedings to revoke the license of Ward M. Whitten for the making of untrue statements in his advertising in violation of the Optometry Law. (Stats. 1913, p. 1097.) The action was commenced in the superior court and the peremptory writ of prohibition was ordered to issue. The board prosecutes this appeal therefrom.

The office of the writ of prohibition is limited by the Constitution to the restraint of a threatened exercise of the judicial power in excess of jurisdiction and it does not lie to an officer or board exercising purely ministerial functions. (*Camron* v. *Kenfield,* 57 Cal. 550; *Baines* v. *Zemansky,* 176 Cal. 369 [168 Pac. 565]; *Santini* v. *Justice's Court,* 218 Cal. 671 [24 Pac. (2d) 761].) The Optometry Law provides for a state board of examiners in optometry having statewide jurisdiction over the practice of optometry. Hence the case comes squarely within the rule, recently reiterated in the case of *Standard Oil Co. of California* v. *State Board of Equalization,* 6 Cal. (2d) 557 [59 Pac. (2d) 119], that, in the absence of a constitutional grant of judicial power a state board cannot exercise judicial functions and the legislature is power-

less to confer such power upon it. Hence the writ of prohibition is inappropriate. The fact that the Optometry Law fails to provide a method of review, perhaps by trial *de novo* in the superior court, is a matter for the consideration of the legislature.

The cases of *Millsap* v. *Alderson,* 63 Cal. App. 518 [219 Pac. 469], and *Grisso* v. *Board of Medical Examiners,* 75 Cal. App. 385 [242 Pac. 912], can no longer be considered as establishing that the legislature cannot confer upon the person deprived of a license or privilege the right to have his cause heard by way of a statutory review or trial *de novo* before the superior or municipal court. The distinction between the absence of authority in the legislature to enlarge or decrease the superior court's jurisdiction and its power to create or diminish rights, which, in effect, creates new or limits old causes of action, is well drawn in *Spreckels* v. *Hawaiian Com. & Sugar Co.,* 117 Cal. 377, 381 [49 Pac. 353]. (See, also, *Wright* v. *Superior Court,* 139 Cal. 469 [73 Pac. 145], and *Reclamation Dist.* v. *Superior Court,* 171 Cal. 672, 681 [154 Pac. 845].)

However, it is suggested that the line of cases exemplified by *Suckow* v. *Alderson,* 182 Cal. 247 [187 Pac. 965] ; and *State Board of Chiropractic Examiners* v. *Superior Court,* 201 Cal. 108 [255 Pac. 749], should govern the instant case rather than *Standard Oil Co. of California* v. *State Board of Equalization, supra.* We are unable to find any substantial difference between the functions exercised. While it is true that in the authorities mentioned it is held that the writ of *certiorari* would lie to review the wrongful revocation of a license of a physician and surgeon on the theory that the medical board was exercising a *quasi*-judicial function, we think that the sounder conclusion, in view of changing and increasing governmental activities, is that such boards are actually engaged in enforcing administrative determinations. Agencies engaged in making administrative determinations, unlike courts, have the power and the facilities to investigate and initiate action and, more or less informally, find the facts which under the law justify a course of action. They cannot and do not declare the law but perform the sole duty of ascertainment. (*Dominguez Land Corp.* v. *Daugherty,* 196 Cal. 468, 483 [238 Pac. 703].) Under this theory the order of statewide agencies such as the Board of Optometry would

not be subject to review in response to the writ of *certiorari*, but their discretion could be confined within legal limits either by the procedure heretofore suggested or by the use of the writ of *mandamus*.

■ Aside from the fact that the writ of prohibition will not lie, for the reasons already stated, we are of the opinion that the petitioner is not at this time entitled to any relief upon the showing made. He is accused of making untruthful statements, in this, that he advertised ''for sale complete glasses containing single vision lenses and including frames and examination for seven and 50/100 ($7.50) dollars'', but ''refused to sell'' the same for that price ''to persons answering that advertisement''. No evidence was taken, this proceeding having been instituted before the time set for hearing. We can appreciate that under certain testimony it might be proven that the advertisement was not an untruthful statement, whereas, under other circumstances, it would be demonstrated to be untruthful and intentionally drawn to mislead. Certainly untruthful advertising should be held to constitute an untruthful statement. Under such circumstances the respondent board should be permitted to proceed.

Accordingly the judgment is reversed and the peremptory writ of prohibition is discharged.

Waste, C. J., Edmonds, J., Shenk, J., Seawell, J., Curtis, J., and Langdon, J., concurred.

Rehearing denied.