[Civ. No. 13819.   Second Dist., Div. Two.   Oct. 9, 1942.]

DARRINGTON WEAVER, Petitioner, v. STATE BOARD
OF MEDICAL EXAMINERS et al., Respondents.

Lloyd C. Griffith for Petitioner.

Earl Warren, Attorney General, and J. Albert Hutchinson, Allen L. Martin and Bayard Rhone, Deputies Attorney General, for Respondents.

WOOD (W. J.), J.—Petitioner was convicted in the superior court on a criminal charge and thereafter appealed from the judgment of conviction, the appeal being now pending in this court.  A complaint was filed with the respondent Board of Medical Examiners of the State of California, based upon the conviction of petitioner in the superior court.   In

accordance with the provisions of section 2365 of the Business and Professions Code a citation was issued requiring the appearance of petitioner before respondent board on July 28, 1942, to show cause why his license should not be suspended or revoked. Petitioner now seeks to prohibit respondent board from taking further action on the complaint and citation until the disposition of the appeal in the criminal action.

■ When a verified complaint is filed with the secretary-treasurer of the Board of Medical Examiners charging unprofessional conduct it is the duty of the secretary-treasurer to forthwith issue a citation to be made returnable at the next regular session of the board. The Board of Medical Examiners is given power by the Business and Professions Code (§§ 2360 et seq.) to conduct hearings upon the filing of complaints and to take disciplinary action with reference to the charges. The board has complete jurisdiction over these matters, including the power to suspend or revoke licenses. From the record before us it appears that the complaint and citation constitute the only pleadings before the board; that no hearing has been conducted and that no evidence has been received either in support of or in resistance to the charge contained in the complaint. Petitioner may properly ask respondent board to continue its hearing until the disposition of the appeal from the judgment of conviction in the criminal case. In any event, he may not appeal to the courts until he has exhausted his remedies before the administrative body. (*Abelleira* v. *District Court of Appeal*, 17 Cal. (2d) 280 [109 P. (2d) 942, 132 A. L. R. 715].) Manifestly petitioner has not exhausted his remedies before the board.

■ There is an additional reason for the denial of a writ of prohibition in this proceeding. A writ of prohibition may be issued to arrest proceedings before any tribunal or board exercising judicial functions. (Code Civ. Proc., § 1102.) The Board of Medical Examiners of the State of California does not exercise judicial functions. A writ of prohibition may not issue to prevent the exercise of its administrative functions. (*Whitten* v. *California State Board of Optometry*, 8 Cal. (2d) 444 [65 P. (2d) 1296, 115 A. L. R. 1].)

The alternative writ heretofore issued is discharged.

Moore, P. J., and McComb, J., concurred.