[Civ. No. 1535. First Appellate District.—May 6, 1915.]

R. C. ANDERSON, Petitioner, v. THE BOARD OF DENTAL EXAMINERS OF CALIFORNIA et al., Respondents.

DENTAL LAW—EMPLOYMENT OF UNLICENSED PRACTITIONER—DUTY OF EMPLOYER TO ASCERTAIN RIGHT OF EMPLOYEE TO PRACTICE—REVIEW.—Upon a proceeding to review the action of the state board of dental examiners in suspending a dentist under the Dental Act approved March 23, 1901, and amendments, for employing an unlicensed person, in his dental offices for the purposes of performing dental work and permitting the employee the use of the offices and paraphernalia for the practice of dentistry as defined in said act, it will be assumed in the absence of the evidence on the hearing, that the petitioner knew that the employee was not duly licensed to practice dentistry, as it was his duty to ascertain that fact before employing him and permitting him the use of his office and appliances for the practice of dentistry.

ID.—EVIDENCE—BURDEN OF PROOF.—In such a case the burden was on the petitioner to produce proof of the fact that the employee had been licensed to practice if such was the fact.

ID.—JUDICIAL NOTICE—DENTAL LICENSE.—The board has power to take judicial notice of its records for the purpose of ascertaining whether or not a dental license was ever issued to the person alleged to have been wrongfully employed.

APPLICATION for a Writ of Review originally made in the District Court of Appeal for the First Appellate District directed against the State Board of Dental Examiners.

The facts are stated in the opinion of the court.

Herbert Choynski, and John T. Williams, for Petitioner.

Oliver Dibble, for Respondents.

THE COURT.—This is a hearing upon an application for a writ of review, directed to the board of dental examiners of the state of California, requiring said board to certify to this court its proceedings in the matter of the suspension of the license of the petitioner herein to practice the profession of dentistry for the period of one year. The entire record of the board in such matter is before the court in response to

said writ; and from such record it appears that on the sixteenth day of April, 1914, one Carl Schroeder filed with the board of dental examiners a verified accusation, wherein it was set forth in substance that the petitioner herein, himself a regularly licensed and practicing dentist, maintaining offices at a fixed place of business in the city of San Francisco, had been guilty of unprofessional conduct, consisting in the violation of the provisions of the "act to ensure the better education of practitioners in dental surgery and to regulate the practice of dentistry in the state of California," approved March 23, 1901, and variously amended up to 1913; which alleged violation of said act consisted in the alleged fact that the petitioner herein had knowingly employed one James V. Munn in his dental offices for the purpose of performing operations on and treating lesions of the human teeth and jaws, and had knowingly permitted said Munn the use of his said offices and of the paraphernalia therein for the purpose of practicing dentistry as the same is defined in said act; and that at the time of his said employment and permission the said Munn was not licensed to practice dentistry in the state of California, which fact was during said time known to the petitioner herein.

Upon the filing of said accusation the board issued a citation to said petitioner, directing him to appear at a stated time and place and answer the same; and the petitioner having appeared and presented a demurrer to the sufficiency of said accusation, and also a denial of its material averments, a hearing thereon was had, at which testimony *pro* and *con* was taken; at the conclusion of which the said board made its findings that the averments of the accusation had been sustained, and entered its decision and order thereon that the license of the petitioner be suspended for the period of one year.

Upon the hearing before this court it was conceded on the part of the petitioner that the board of dental examiners had jurisdiction to entertain and try an accusation of the kind presented under the terms of the aforesaid act creating and defining the powers of said board. It was, however, contended by the petitioner and conceded by the respondent that if, upon the hearing of such accusation before said board, the evidence entirely failed to sustain any material averment thereof, the board would not have jurisdiction to make

the order in question; and that its attempted action in that regard would be beyond its jurisdiction, and hence subject to review in this form of proceeding, the petitioner having no right of appeal nor any other plain, speedy, nor adequate remedy from the effect of such order.

It was the contention of the petitioner at the hearing upon this writ that the proofs offered in support of the accusation before the board of dental examiners had utterly failed in the following material respects: 1. That there was no evidence adduced showing or in any way tending to show that the petitioner herein was ever, prior to said accusation, informed, or that he ever knew that said Munn was not duly licensed to practice dentistry; and 2. That the proofs adduced at said hearing further failed utterly to show that said Munn was not at all times during the period of his employment by the petitioner as a dental operator, and of his permission to practice dentistry in the petitioner's offices, and to make use of his paraphernalia therein for that purpose, a duly licensed dental practitioner under the laws of this state.

As to the first of these propositions, the respondent contends, and we think correctly, that if it be the fact that the said Munn was not the possessor of such license to practice the profession of dentistry as would make him an available subject of employment by the petitioner for the purposes for which the evidence shows he was utilized in the latter's offices, or to have permission to use said offices and the paraphernalia thereof for the practice of dentistry—which the evidence sufficiently shows he did—the duty was cast upon the petitioner to ascertain that fact before taking Munn into his service for such purposes, or permitting him to make use of his offices and appliances for the practice of dentistry, and hence his knowledge of the fact, if it be a fact, is to be assumed.

The question involved in the second contention is as to the power of the board to take judicial notice of its records for the purpose of ascertaining whether or not a dental license was ever issued to the person alleged to have been wrongfully employed.

Section 1875 of the Code of Civil Procedure attempts to enumerate the subjects of which judicial cognizance will be taken. The interpretations that the courts of different jurisdictions have placed upon these and similar provisions are

not uniform, so it is impossible to state a general rule upon the subject. It has been held that courts will take judicial notice of their records and officers (*Hollenbach* v. *Schnabel,* 101 Cal. 312, [40 Am. St. Rep. 57, 35 Pac. 872]; *Pitkin* v. *Cowen,* 91 Fed. 599; *Dyer* v. *Last,* 51 Ill. 179; 7 Ency. of Evidence 1009; *Ferris* v. *Commercial Nat. Bank,* 158 Ill. 237, [41 N. E. 1118]; 16 Cyc. 915).

Judicial notice is based upon convenience and expediency, and its application is not confined to courts of record. Thus it has been held, with respect to proceedings in a municipal court, instituted for the express purpose of enforcing municipal ordinances, and vested with full jurisdiction for that purpose, that the ordinances are the peculiar law of the forum, and the court is bound to take judicial notice of their existence (*Ex parte Davis,* 115 Cal. 445, [47 Pac. 258]).

There are in addition to courts certain boards and special tribunals for determining certain classes of rights; and while they are not strictly courts, they partake of their nature, and their findings partake of the nature of judgments. The jurisdiction of such bodies rests upon the same basis as inferior courts; and they, too, may take judicial notice of certain matters. Thus in *People* v. *Board of Excise,* 40 N. Y. Supp. 741; 17 Misc. Rep. 98, the board was given power to revoke licenses where the licensed premises were kept as a disorderly house; and it was held that, although no proof was offered before the board upon the inquiry that the premises (where the alleged unlawful acts were committed) were ever licensed, such lack of proof did not affect the judgment of the board, as it could take judicial notice of the premises that it had licensed. Statutes or ordinances creating tribunals of the character of the board of medical examiners seldom prescribe the practice to govern such bodies in determining cases instituted before them. No such guide is provided under the medical act for the revocation of licenses; and while the exercise of these powers is a *quasi* judicial function, still such exercise should not be governed by the strict legal rules applicable to courts. Learning in the law is not one of the qualifications required of the members composing the board; and to hold under these circumstances that the board's investigations should be conducted according to technical legal rules would have the effect of seriously impairing the successful performance of the duties for which that body was

created. (*Munk* v. *Frink,* 81 Neb. 631, [17 L. R. A. (N. S.) 439, 116 N. W. 525].) It would have been an easy matter for petitioner to produce proof of the fact that Munn had been licensed if such were the fact, for by the statute the board is charged with the duty of keeping a roll of licensed practitioners; and under these circumstances it would be idle to say that it could not judicially notice who were and who were not duly licensed.

For the reasons stated the petitioner's application is denied.