[Civ. No. 31848. Second Dist., Div. One. July 8, 1968.]

ELIZABETH ANN SERENKO, Plaintiff and Appellant, **v.** TOM BRIGHT, as Director of the Department of Motor Vehicles, Defendant and Respondent.

Steven Edmondson for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and David Gould, Deputy Attorney General, for Defendant and Respondent.

FOURT, J.—Elizabeth Ann Serenko appeals from a judgment of the superior court denying her application for a writ of mandamus[1] and prohibition against the taking of her California driver's license by respondent.

Appellant, who disputes herein the effect and application of the "implied consent law" (Veh. Code, § 13353), was the holder of a California driver's license in September 1966 when the subject statute was enacted. Shortly thereafter, on November 15, 1966, at approximately 3:45 a.m., Officer Charles Powers of the Santa Monica Police Department was driving his patrol car southbound on Ocean Avenue when he observed appellant's car, which made a grinding noise and appeared to have a seriously damaged right front fender area, traveling west on Pico Boulevard. Officer Powers turned west on Pico Boulevard and followed appellant, signaling with the red lights of the patrol car for her to stop. Appellant stopped at the point where Pico Boulevard deadends at the ocean.

When appellant stopped, Officer Powers approached her car and asked to see her driver's license. It took appellant a few minutes to produce her license and during this interval Officer Powers noticed the odor of an alcoholic beverage on appellant's breath. After examining appellant's license, he asked her to leave her car and he administered a field sobriety examination to her. Appellant attempted at his request to walk a

---

[1] The Department of Motor Vehicles entered its order suspending appellant's driver's license pursuant to Vehicle Code section 13353 on November 28, 1966. On February 8, 1967, appellant filed a petition for a writ of prohibition and injunction in the superior court. The trial court treated that petition as a petition for writ of mandate, held a hearing on February 24, 1967, concluded that there was no abuse of discretion in the administrative proceedings, and denied the petition. Appellant appeals from both the judgment and the court's minute order. Since the court's entire determination is encompassed by the judgment, the purported appeal from the minute order is ineffective for any purpose and is dismissed.

straight line, to touch the finger of her outstretched arm to her nose, and to balance on one foot, but she failed each of these tests. Officer Powers, in reliance upon the evidence of his observations, placed appellant under arrest for driving while intoxicated. (Veh. Code, § 23102, subd. (a)), impounded her car, and took her to the Santa Monica police station. At the police station, appellant once again demonstrated her inability to perform the tests of balance and walking a straight line.

Thereupon, Officer Powers read the following statement to appellant: " ' "You are requested to submit to a chemical test to determine the alcoholic content of your blood. You have a choice of whether the test is to be of your blood, breath or urine. A refusal will result in the suspension of your driving privilege for a period of six months." ' "

Appellant appeared to comprehend the statement read to her by the officer and she responded, " 'I've taken enough tests, and I'm not going to take any more.' . . . 'I've never been in trouble, and I'm not going to lose my driver's license.' " The officer repeated his statement several times, and each time appellant made substantially the same response. It was appellant's first arrest on the charge of driving under the influence of intoxicating beverages. Although she at first pleaded "not guilty" to the charge of violating Vehicle Code section 23102, subdivision (a), in Santa Monica Municipal Court, she later changed her plea to "guilty." Thereafter, in connection with her sentencing, the court made a recommendation pursuant to Vehicle Code section 13352, subdivision (a), that her driving privilege should not be suspended.

The Department of Motor Vehicles, on receipt of the officer's sworn statement, nonetheless issued an order of suspension dated November 28, 1966, pursuant to Vehicle Code section 13353. Appellant then appeared in person and with her counsel at the formal hearing which was held on January 5, 1967, at her request. (Veh. Code, § 14107.) She there admitted that at the time of her arrest she was under the influence of alcohol. She asserted that she refused to take any of the chemical tests offered because she admittedly was intoxicated and she saw no reason to take any chemical test further to demonstrate that fact. She also testified that she did not then understand the officer's statement that her refusal to take such a test would result in a mandatory suspension of her driver's license for a period of six months. The hearing officer affirmed the department's original order suspending appellant's license for refusal to take the chemical test, finding that she had refused to take any test and that it was therefore

the mandatory duty of the departmet to suspend her license for six months.[2]

On appellant's petition to superior court, the court found that appellant was arrested by Officer Powers on reasonable cause to believe that she was driving a motor vehicle while intoxicated; that she twice failed field sobriety tests; and that she refused upon request to take a chemical test. The court further found that she was charged with violating Vehicle Code section 23102, subdivision (a); that she first pleaded not guilty but later changed her plea to guilty; that the court granted probation and recommended that her operator's license not be suspended; that respondent subsequently served appellant with a notice of suspension; that a formal hearing was held at appellant's request resulting in the findings related in footnote 2 of this opinion; that the department thereafter issued a formal order suspending appellant's driver's license for six months effective February 8, 1967; that respondent's decision was supported by findings of fact; that the findings of fact were supported by the weight of the evidence; and that the allegations in appellant's petition were untrue. From these facts, the court concluded that the trial court's recommendation that appellant's license not be suspended was not binding upon the respondent; that respondent was required by the provisions of Vehicle Code section 13353, subdivision (b), to suspend appellant's license for six months, that respondent did not abuse its discretion but proceeded in accord with Vehicle Code section 14108 at all times; that appellant had a fair hearing before respondent and its decision was supported by findings of fact established by the weight of the evidence. On this basis the court affirmed the department's order and denied the relief requested by appellant.

Appellant now contends: (1) that Vehicle Code section 13353 may not constitutionally be applied to abridge the vested rights of those who held California driver's licenses prior to its enactment; (2) that suspension of a driver's license pursuant to Vehicle Code section 13353 is not manda-

---

[2]"The referee finds that Elizabeth Anne Serenko

"1. Was arrested on 11-15-66.

"2. That at the time of her arrest, the arresting officer had reasonable cause to believe that she had been driving a motor vehicle upon a highway under the influence of intoxicating liquor.

"3. That she was requested by the officer to submit to a chemical test to determine the alcoholic content of her blood and was told that her driving privilege would be suspended if she did refuse to submit.

"4. That she refused to submit to a chemical test after being requested by the officer to do so.''

tory where the trial court in the criminal proceeding recommends that the license not be suspended; (3) that Vehicle Code section 13353 has no application to persons who plead guilty to criminal charges under Vehicle Code section 23102, subdivision (a); (4) that appellant did not receive a timely hearing pursuant to statute; (5) that the trial court's finding that appellant refused to consent to a chemical test is not supported by substantial evidence; and (6) that the respondent's decision is invalid because the hearing officer was not an attorney at law. These contentions are without merit.

█ Appellant first contends that Vehicle Code section 13353 was applied to her retroactively in abridgement of her constitutional rights. Appellant misconceives the operation of the statute when she interprets it as limiting unconstitutionally her right to use the California driver's license which was issued to her prior to the enactment of Vehicle Code section 13353. This statute does not affect or apply to the issuance of a driver's license by the State of California nor does it unconstitutionally abridge the driving privilege thereunder. It is not the act of obtaining a driver's license which brings the statute into play, but instead the act of driving a motor vehicle upon a California highway is the conduct from which the driver's implied consent to a chemical test flows. The statute, moreover, is broad enough to encompass all drivers on California highways, whether licensed by California or any other jurisdiction, and even if unlicensed. (Veh. Code, §§ 13552 and 13553.) The statute constitutes a reasonable regulation of the exercise of the driving privilege within this jurisdiction.

█ Appellant's second and third contentions, which we consider together, are that the provisions of Vehicle Code section 13353, subdivision (b), are inapplicable if (a) the court recommends that the person's driving privilege be not suspended (Veh. Code, § 23102, subd. (a)); or if (b) the person who refused to submit to chemical tests pleads guilty to a violation of Vehicle section 23102, subdivision (a). Vehicle Code section 13352, originally enacted in 1959, grants the court the right to recommend whether or not one's driving privilege should be suspended for driving while intoxicated but has no application to Vehicle Code section 13353, subdivision (b). The latter statute, which was subsequently enacted. requires suspension of the driving privilege not for driving while intoxicated, but for refusing to submit to a chemical test for intoxication after arrest. That section provides in per-

tinent part as follows: "If any such person refuses .... the department, . . . shall suspend his privilege to operate a motor vehicle for a period of six months." The word "shall" renders the department's duty a mandatory rather than discretionary one (Veh. Code, § 15), and suspension is the required consequence. (Cf. *Block* v. *Board of Police Comrs.*, 110 Cal.App.2d 67, 70 [242 P.2d 68].) It is therefore neither relevant nor material to the application of the statute whether the person charged pleads guilty or not. At the time the person arrested refuses the chemical test, there is no assurance that upon arraignment he or she will plead guilty. The arrestee by subsequent guilty plea has no power to avoid retroactively the consequences of his or her earlier refusal to cooperate.

■ Appellant next contends that prejudice must be presumed in her case because she was not afforded a hearing within the statutorily prescribed time. Appellant is foreclosed from asserting this contention the first time on appeal (*Corcoran* v. *San Francisco etc. Retirement System*, 114 Cal.App. 2d 738, 745-746 [251 P.2d 59]; Deering, California Administrative Mandamus (Cont. Ed. Bar 1966) § 15.24) Moreover, although the statute relied upon by appellant appears to require a hearing by the department within 15 days following the applicant's timely petition, this language is mitigated by the following provision: "If the department fails to afford a hearing within 15 days, the suspension shall not take place until such time as the person is granted a hearing and is notified of the department's action as hereinafter provided." (Veh. Code, § 13353, subd. (c).) It thus appears that it was clearly within the legislative contemplation that the action which constituted the subject matter of the requested hearing should not be discharged by the department's failure to hear the matter within the 15-day interval, but the statute further protects the person aggrieved from arbitrary action by the department by extending the period during which the threatened suspension is stayed to coincide with the delay in the hearing date.

■ Appellant further contends that the trial court's finding that she refused to submit to the chemical tests required by Vehicle Code section 13353 is not supported by substantial evidence. The record, however, allows no room for controversy in its demonstration of appellant's refusal. The police officer who arrested her testified that he read to her the statement advising her that she was required to submit to a chemical test or to suffer the suspension of her driving privilege. She does not deny that she then responded, " 'I've taken enough

tests, and I'm not going to take anymore.' '' Her refusal to take the chemical test may, therefore, be deemed admitted on substantial and uncontroverted evidence.

 Finally, appellant contends that the decision of the Department of Motor Vehicles suspending her driving privilege for six months is invalid because the referee for the department who heard the case was not a hearing officer of the Office of Administrative Procedure. Appellant claims that, although she failed to register any objection before this appeal and the record is devoid of evidence from which we may infer that the referee was not an experienced attorney, she was thus deprived of due process. Assuming that the referee's lack of such qualifications is conceded we nonetheless conclude that appellant's contention lacks merit.

The Administrative Procedure Act is a general law relating to administrative procedure in hearings and by established precedent such regulations must yield to special statute where a variance exists. Hearings before the Department of Motor Vehicles are controlled by the provisions of Vehicle Code section 13353 itself, and the department's hearing procedures are specified within the Vehicle Code (§§ 14100-14112) rather than the Administrative Procedures Act (Gov. Code, § 11500 et seq.). The Vehicle Code provides ''Any formal hearing shall be conducted by the director or by a referee or hearing board appointed by him from officers or employees of the department.'' (Veh. Code, § 14107.) The Vehicle Code provisions describe a comprehensive system for the conduct of formal and informal hearings, and the application of the Administrative Procedure Act is limited to those matters not covered by the Vehicle Code provisions (Veh. Code § 14112). The initiation of the hearing, its time and place, who shall conduct the hearing, the admissible evidence, the decision process, the time the decision shall take effect, and the question of continuing jurisdiction are all resolved. (Veh. Code, § 14100 et seq.)

Vehicle Code section 315, predecessor of section 14107 provided that all hearings should be conducted by the executive officer or other officers or employees of the department designated by him, and should be governed insofar as practical by the rules of practice and procedure governing the trial of a civil action. In 1947 the Legislature authorized the department to conduct formal hearings, distinguished informal hearings, and eliminated the requirement that judicial rules of civil procedure should control (Veh. Code, § 316) thus substituting traditional administrative principals of due process for judi-

cial standards (*Anderson* v. *Board of Dental Examiners,* 27 Cal.App. 336 [149 P. 1006]) and relieving the hearing officers, who at no time have been required to be attorneys, of the burden of applying strict judicial rules. The same year the Administrative Procedure Act was made applicable to those areas relating to formal hearings by the department which were not otherwise specifically regulated. There is nothing in the history or in the present language of the pertinent Vehicle Code sections to suggest that there should be any change in the professional qualifications of the hearing officers, and the Vehicle Code does not distinguish those persons authorized to conduct informal hearings from those entitled to conduct formal hearings (Veh. Code, § 14107). Moreover, the Administrative Procedure Act itself is restricted in its application to implement only those functions of a state agency to which it is expressly "made applicable by the statutes relating to the particular agency," (Gov. Code, § 11501) and this restriction has been strictly construed by the courts. (*Bertch* v. *Social Welfare Dept.,* 45 Cal.2d 524, 527 [289 P.2d 485]; *Taliaferro* v. *Insurance Com.,* 142 Cal.App.2d 487, 489 [298 P.2d 914].)

The director of the department, who is authorized to conduct a formal hearing, is appointed by the Governor and no particular qualifications are delineated for the holder of this position. (Veh. Code, § 1504.) Although this court may take judicial notice that a number of lawyers have occupied this position, the director is not required to be an attorney and many non-lawyers also have held this office. The Legislature did not prescribe additional qualifications for those entitled to conduct department hearings, as it has with respect to certain other statutory proceedings pursuant to the Administrative Procedure Act. It follows that the officers or employees of the department who may be appointed by the director to fulfill this function may not be required to have any higher qualifications than the director whom they represent.

It is argued that one not versed in the law should not adjudicate a matter requiring the settlement of complex questions of the admissibility of evidence and issues of fact and law, and that the forfeiture of individual rights and privileges which takes place under such circumstances is violative of due process. However, as this court has observed in a similar situation: "There are in addition to courts certain boards and special tribunals for determining certain classes of rights; and while they are not strictly courts, they partake of their nature, and their findings partake of the nature of judgments. . . . Learning in the law is not one of the qualifica-

tions required of the members composing the board; and to hold under these circumstances that the board's investigations should be conducted according to technical legal rules would have the effect of seriously impairing the successful performance of the duties for which that body was created.'' (*Anderson* v. *Board of Dental Examiners,* 27 Cal.App. 336, 339-340 [149 P. 1006].)

Where the Administrative Procedure Act in its entirety has been incorporated by reference into the applicable statutory scheme for hearing procedures, the administrative agency is entitled to adopt the hearing officer's decision without reviewing the record. (*Hohreiter* v. *Garrison,* 81 Cal.App.2d 384, 393-401 [184 P.2d 323] ; *Dami* v. *Department of Alcholic Beverage Control,* 176 Cal.App.2d 144, 151-154 [1 Cal.Rptr. 213].) However, upon a formal hearing by the department, the referee or hearing board may merely make findings and submit recommendations (Veh. Code, § 14109). The decision-making power may not be delegated, but the director must review the record, evidence and findings and ultimately render his own decision which shall be effective upon notice thereof. (Veh. Code, §§ 14110, 14111.)

Finally,

■ ''The legislative power to regulate travel over the highways and thoroughfares of the state for the general welfare is extensive. It may be exercised in any reasonable manner to conserve the safety of travelers and pedestrians. ■ Since motor vehicles are instruments of potential danger, their registration and the licensing of their operators have been required almost from their first appearance. The right to operate them in public places is not a natural and unrestrained right, but a privilege subject to reasonable regulation, under the police power, in the interest of the public safety and welfare. [Citation.]

''The power to license imports the further power to withhold or to revoke such license upon noncompliance with prescribed conditions.'' (*Watson* v. *Division of Motor Vehicles,* 212 Cal. 279, 283 [298 P. 481].) It has been held that where the provision is mandatory and the standard clear, suspension of a driver's license under certain circumstances even without a prior hearing does not violate due process where the right to subsequent judicial review is extended. (*Escobedo* v. *State of California,* 35 Cal.2d 870, 874-877 [222 P.2d 1].) The right of judicial review by writ of mandate to determine whether substantial evidence supports the Department's decision has

been expressly preserved. (Veh. Code, § 14400.) The record discloses that appellant received a formal hearing containing all the elements of rudimentary fairness with the added protection of adequate judicial review, and due process was not violated by this procedure.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 5, 1968.