[Civ. No. 9070.   Fourth Dist., Div. Two.   Oct. 24, 1968.]

THOMAS MICHAEL REIRDON, Plaintiff and Appellant, v. DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

Garman & Weatherspoon and William F. Garman for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Defendant and Respondent.

KERRIGAN, J.—Petitioner was arrested on June 22, 1967, in Orange County while driving under the influence of intoxi-

cating liquor when he went through a stop sign, crossed over a double yellow line and nearly struck a police car. When his vehicle was stopped, a strong odor of alcohol was detected on his breath and he failed a field sobriety test.

After he had been placed under arrest, and while en route to a local jail, the arresting officer advised petitioner that he would be required to take one of the three chemical tests prescribed by the California Implied Consent Law (Veh. Code, § 13353) for the purpose of determining his sobriety. Petitioner replied that he wanted to talk to an attorney. Upon arrival at the jail, he was again informed that he would have to take a test—breath, urine, or blood—and petitioner stated he would not take a chemical test unless he could first talk to his lawyer. The arresting officer permitted petitioner to make a telephone call. After placing the call, petitioner stated to the officer that he had called a friend and requested the latter to contact an attorney for him. Petitioner insisted again that he would not take a test until an attorney was present at the jail with him at the time the test was administered. The officer then repeated his request that petitioner submit to a test, informed petitioner that he had a choice of the test to be given, and admonished him that a refusal would result in the suspension of his driving privilege for six months. The officer further advised petitioner that he was not entitled to have an attorney present with him in the jail at the time the test was rendered. Petitioner declined to take any chemical test until his attorney was present. He was then informed again that he would lose his driving privilege for a period of six months because of his refusal.

The arresting officer then prepared an officer's statement in conformity with the provisions of section 13353 of the Vehicle Code, and transmitted the same for filing with the Department of Motor Vehicles. The preparation and execution of the form consumed approximately 30 minutes. The officer then remained at the jail for another 15 minutes. Petitioner did not consent to take the test at any time before the arresting officer left the jail, nor did he withdraw his statement that he would take a chemical test only on condition that his attorney was present before the officer's departure.

Following notification from the Department that his license was to be suspended for six months for failure to comply with the provisions of the California Implied Consent Law (Veh. Code, § 13353), petitioner and his attorney requested a formal

hearing. Petitioner and his counsel were present at the hearing as was one of the arresting officers. Following the hearing, the Department issued its decision determining that appellant had violated the aforesaid section of the Vehicle Code, and ordered a suspension of his license. The Department decision contained the following findings of fact: (1) Petitioner was arrested; (2) the arresting officer had reasonable cause to believe he was driving a motor vehicle upon a highway while under the influence of intoxicating liquor; (3) he was informed his driving privilege would be suspended for a period of six months if he refused to submit to a chemical test; and (4) he refused to submit to any test of his blood, breath or urine.

After rendition of the Department's decision, petitioner sought mandate in the superior court. In January 1968 a hearing was held with petitioner and respondent both being represented by counsel. Following the hearing, the trial court entered findings of fact, conclusions of law, and judgment denying a peremptory writ of mandate, dismissing the petition for writ of mandate, and discharging the alternative writ.

In his assault on the judgment, petitioner presents the following issues: (1) He had a constitutional right to consult with an attorney before deciding to submit to or refuse the chemical test prescribed by section 13353 of the Vehicle Code; (2) he did not effectively refuse the administration of a chemical test inasmuch as he was confused by the *Miranda* advice given by the arresting officers; (3) the departmental referee was not a lawyer as required by section 11502 of the Government Code and, therefore, was not qualified to act in the capacity of a hearing officer.

■ In a civil proceeding for suspension of a person's driving privilege under the California Implied Consent Law (Veh. Code, § 13353), a driver is not entitled to have counsel present when he is requested, while in custody, to decide whether to submit, or refuse to submit, to one of the tests required by the statute. (*Finley* v. *Orr,* 262 Cal.App.2d 656, 663-664 [69 Cal.Rptr. 137].) Therefore, petitioner's conditional consent amounted to a refusal. (*Fallis* v. *Department of Motor Vehicles,* 264 Cal.App.2d 373, 384 [70 Cal.Rptr. 595].)

However, petitioner maintains that his refusal was ineffective inasmuch as he was confused by the *Miranda* advice

given him by the arresting officers. Nevertheless, the record indicates the arresting officer fully explained to petitioner that he only had the right to counsel in connection with the criminal charge of driving a motor vehicle under the influence of intoxicating liquor. In doing so, the officer used the following language: ". . . [you have] the right to remain silent . . . anything that [you] say will be held against [you] in a court of law, the right to an attorney, the right to have one appointed . . . by the court prior [to] questioning, if [you cannot] afford one." Following the foregoing admonition, petitioner was again informed that although he had a right to counsel and had a right to have counsel come to the jail, ". . . that it was not his right to have an attorney present with him in the jail at the time the test was being taken." Consequently, petitioner was not justified in refusing to take the test until an attorney was present inasmuch as he was clearly and unequivocally told that he had no right to the presence of counsel at the time the test was being administered. Therefore, his contention of bewilderment is not persuasive in view of the fact that he refused the test after receiving an explicit advisement. (See *Finley* v. *Orr, supra,* 262 Cal.App.2d 656, 666-667.)

Finally, petitioner maintains that the hearing officer appointed by the director lacked the qualifications required by section 11502 of the Government Code and, therefore, the decision of the Department of Motor Vehicles suspending his driving privilege for six months was invalid. However, the provisions of the Administrative Procedure Act (Gov. Code, § 11500 et seq.) are not applicable to hearings conducted under the provisions of the Vehicle Code (Veh. Code, § 14107), and hearing officers of the Department of Motor Vehicles are not required to be attorneys. (*Serenko* v. *Bright,* 263 Cal.App.2d 682, 689-691 [70 Cal.Rptr. 1].)

Judgment affirmed.

McCabe, P. J., and Tamura, J., concurred.