[Civ. No. 33876.   Second Dist., Div. Five.   Apr. 14, 1969.]

DEPARTMENT OF MOTOR VEHICLES et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; FRANCIS JOSEPH GABEL, Real Party in Interest.

No appearance for Respondent.

Murchison, Stebbins & Davis and Robert P. Stebbins for Real Party in Interest.

ALARCON, J. pro tem.*—The petitioners seek a peremptory writ of mandate to require the Superior Court for Los Angeles County to vacate its order of October 23, 1968 granting a preliminary injunction and to issue a new order denying a preliminary injunction and denying a permanent injunction and all other relief sought in the matter entitled Francis Joseph Gabel v. Department of Motor Vehicles, et al., superior court number EA C 8542.

Francis Joseph Gabel, the real party in interest, was notified by a letter dated July 16, 1968, that an order suspending his license had been issued by the Department of Motor Vehicles pursuant to the provisions of section 13353 of the Vehicle Code.

The Department of Motor Vehicles was given written notice by a letter dated July 24, 1968, that a formal hearing to challenge the suspension was requested. The real party in interest also demanded that such hearing be presided over by a hearing officer from the Office of Administrative Procedure.

On August 21, 1968, the Department of Motor Vehicles notified the real party in interest, through his attorney, that pursuant to his request a formal hearing would be held on October 2, 1968, to determine whether his license should be suspended. The real party in interest was further advised that the hearing would be held before representatives of the Department of Motor Vehicles appointed by the Director of Motor Vehicles.

On September 30, 1968, the real party in interest filed a complaint in the Superior Court of Los Angeles County for Declaratory Relief, Temporary Restraining Order, Preliminary and Permanent Injunction, and Other Relief. The object of the complaint was to obtain an order enjoining the petitioners from holding a formal hearing unless it was presided over by a hearing officer from the Office of Administrative Procedure.

On September 30, 1968, the respondent superior court issued an order to show cause in regard to the request for a preliminary injunction, and issued a temporary restraining

*Assigned by the Chairman of the Judicial Council.

order preventing the Department of Motor Vehicles from conducting the formal hearing then scheduled for October 2, 1968, pending the respondent superior court's decision on the order to show cause.

The petitioners filed a demurrer to the complaint, an answer to the complaint, and a memorandum of points and authorities wherein it was contended that the issue involved had been resolved contrary to the real party in interest's position in *Serenko* v. *Bright*, 263 Cal.App.2d 682 [70 Cal. Rptr. 1].

After a hearing held on October 15, 1968, the respondent superior court issued its order on October 23, 1968, overruling the demurrer and granting a preliminary injunction "preventing the defendants from conducting the formal hearing the subject hereof without a hearing officer duly constituted in accordance with Government Code § 11502 and allied provisions, all in accordance with procedures and rules of evidence as shall be applicable under prevailing rules of law."

The narrow question presented by this petition is whether section 14112 of the Vehicle Code makes it mandatory that a hearing officer from the Office of Administrative Procedure preside over a formal hearing concerning the proposed suspension of a driver's license because of a failure to submit to a chemical test of the alcoholic content of his blood. Section 14112 of the Vehicle Code provides as follows: "All matters in a formal hearing not covered by this chapter[1] shall be governed, as far as applicable, by the provisions of the Government Code relating to administrative hearings, and particularly by Chapter 5 (commencing with section 11500) of Part I of Division 3 of Title 2 of the Government Code."

Section 14112 requires that we look to chapter 3 of division 6 of the Vehicle Code to determine if any provision thereof covers the matter of who is to preside over a formal hearing. If this subject matter is covered in chapter 3, then the Administrative Procedure Act need not be followed.

Section 14107 which is in the same chapter as section 14112 provides in pertinent part: "Any formal hearing shall be conducted by the director or by a referee or hearing board appointed by him from officers or employees of the department."

It is clear from reading section 14107 of the Vehicle Code that the matter as to who is to conduct a formal hearing is

---

[1]Chapter 3 of division 6 of the Vehicle Code.

fully covered in chapter 3, so it is unnecessary to refer to the Administrative Procedure Act in the Government Code to resolve this question.

The question as to whether a hearing officer qualified under the Administrative Procedure Act is required to preside over a formal license suspension hearing was before the court in *Serenko* v. *Bright, supra.* In disposing of this question the court stated: "The Administrative Procedure Act is a general law relating to administrative procedure in hearings and by established precedent such regulations must yield to special statute where a variance exists. Hearings before the Department of Motor Vehicles are controlled by the provisions of Vehicle Code section 13353 itself, and the Department's hearing procedures are specified within the Vehicle Code (§§ 14100-14112) rather than the Administrative Procedures Act (Gov. Code, § 11500 et seq.). . . . The initiation of the hearing, its time and place, who shall conduct the hearing, the admissible evidence, the decision process, the time the decision shall take effect, and the question of continuing jurisdiction are all resolved (Veh. Code, § 14100 et seq.)." (*Serenko* v. *Bright,* 263 Cal.App.2d 682, 689 [70 Cal.Rptr. 1].) The *Serenko* decision was cited as authoritative on the same issue in *Reirdon* v. *Director of Motor Vehicles,* 266 Cal.App.2d 808 [72 Cal.Rptr. 614].

The real party in interest urges that this court not follow the *Serenko* decision because of the failure of that court to follow the earlier decision of *Hough* v. *McCarthy,* 54 Cal.2d 273 [5 Cal.Rptr. 668, 353 P.2d 276]. In *Hough* the petitioner contended that Government Code sections 11500-11528 should be followed in informal license suspension hearings. The court held that the Administrative Procedure Act did not apply to informal proceedings. The question of who should preside over a formal hearing was not before the court nor was this specific issue mentioned in the decision.

The real party in interest contends that section 14107 merely indicates who is to *conduct* a formal hearing, not who should *preside.* To reach this conclusion it is necessary to construe the word *conduct* as used in section 14107 to refer to the initiation of a suspension proceeding, or the presentation of evidence at such a hearing, and not to the act of presiding.

This argument is disposed of by noting that section 14107 indicates that the hearing may be conducted by a referee appointed from the officers or employees of a department.

A referee is a person who is appointed to exercise judicial powers, to take testimony, to hear the parties, and report his findings.[1] Clearly, the Legislature did not intend that a referee should be appointed by the director to present evidence at a hearing presided over by a hearing officer. The word conduct as used in section 14107 includes the act of presiding over a formal hearing.

The trial court erred in granting a preliminary injunction in this matter. Let a peremptory writ of mandate issue as prayed.

Kaus, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied May 9, 1969, and the petition of the real party in interest for a hearing by the Supreme Court was denied June 11, 1969.

---

[1]Black's Law Dictionary (4th ed. 1951), Webster's Third New Internat. Dict. (1968).