[Civ. No. 33821.   Second Dist., Div. Two.   Sept. 18, 1969.]

HUGH MILTON LACY, Plaintiff and Appellant, v. VERNE ORR, as Director, etc., Defendant and Respondent.

Thompson & Miller, Patterson & Weitzman and James E. Patterson for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Defendant and Respondent.

WRIGHT, J.—This is an appeal from a judgment dismissing petitioner's writ of mandamus to set aside the decision of the Department of Motor Vehicles (DMV) suspending petitioner's driving privileges for six months. Enforcement of the suspension has been stayed pending appeal.

## Statement of Facts

On February 2, 1968, at approximately 11:05 p.m., appellant was stopped by an officer of the California Highway Patrol for investigation of driving a motor vehicle on a public highway while under the influence of intoxicating liquor. Certain field sobriety tests were administered to appellant and after failing said tests appellant was placed under arrest for violation of Vehicle Code section 23102 subdivision (a). The officer then advised the appellant that he had the right to remain silent, that anything appellant said could be used

against him in court, that he had the right to counsel and to have him present while being questioned, and that counsel would be appointed for appellant prior to any questioning if he so requested. Before leaving the scene of the arrest the officer further advised appellant of the requirements of the Vehicle Code section 13353 concerning chemical tests to determine the amount of alcohol in appellant's system.[1] Appellant told the officer that he wished to talk to his attorney and his doctor before submitting to any test.

Appellant was then transported to a sheriff's station where a breathalizer machine was set up for the purpose of taking a chemical breath test. Appellant refused the test again stating that he wanted to talk to his attorney and his doctor before submitting to any test. Appellant was informed that his refusal to take any test would be noted on a departmental form which would be voided in the event he later submitted to a test. At no time did appellant take any of the tests.

Appellant's refusal to furnish a breath sample occurred at approximately 12:12 a.m. of February 3 and he was transported from a sheriff's station to the main jail, arriving there at the approximate hour of 12:31 a.m. He was not given an opportunity to make a telephone call until 2:30 or 3 in the morning of said February 3.

On February 29, 1968, DMV informed appellant that it had received the sworn statement of an officer that appellant had violated Vehicle Code section 13353, the Implied Consent Law. Appellant requested a formal hearing which was held on April 11, 1968. On June 19, 1968, DMV informed appellant that the referee had found against him and in particular "c. That you [appellant] were told your driving privilege, would be suspended for six months if you refused to submit to, a chemical test.", and "d. That you refused to submit to any chemical test of your blood, breath, or urine after being requested to do so by the officer."

Appellant was served with a notice of suspension of his driver's license by DMV and appellant filed a petition for

[1]The officer testified at the administrative proceeding before the DMV that he advised appellant "that there was now a law in effect requiring him to submit to one of three ways of analyzing his system to determine the alcoholic content. This was through the analysis of a sample of his blood or of his breath or of his urine. This is normally done if a blood sample is to be taken: rather than go directly to a sheriff's station which we utilize, we have to go to a hospital. Therefore, we wish to determine where we are going before we leave. At this time Mr. Lacy [appellant] made a statement, not quoting him, to the effect that he wished to talk to his attorney and his doctor before submitting to any tests."

writ of mandamus seeking judicial review. The matter was heard on July 26, 1968, and thereafter on October 7, 1968. Findings of Fact and Conclusions of Law and Judgment were made and filed, the same being adverse to appellant.

## APPELLANT'S CONTENTIONS

Appellant contends as follows:

(1) That he was denied a fair hearing by virtue of the refusal of DMV to provide a qualified hearing officer as required by Government Code sections 11501 and 11502;

(2) That the conclusions of law that he refused to comply with Vehicle Code section 13353 are not supported by substantial evidence in that he was not advised that he had no right to counsel before deciding which test to take and was not advised that he had a right to medical advice at his own expense; and

(3) That he was denied due process of law in that he was not permitted to secure legal counsel and was thereby prevented from extricating himself from the consequences of his refusal to take one of the tests.

## FIRST CONTENTION

Appellant contends that the referee who heard his case on behalf of DMV was required to have the qualifications of a hearing officer as set forth in Government Code section 11502. He also suggests that the rationale of *Hough* v. *McCarthy,* 54 Cal.2d 273 [5 Cal.Rptr. 668, 353 P.2d 276], is controlling in the cause before this court. In *Hough,* petitioner asserted that Government Code sections 11500-11528, should apply to informal license suspension proceedings and the Supreme Court held to the contrary. The specific issue of who should preside over *formal* hearings was not before the court nor was it discussed in the decision.

As stated in *Serenko* v. *Bright,* 263 Cal.App.2d 682, 689 [70 Cal.Rptr. 1],[2] "The Administrative Procedure Act is a general law relating to administrative procedure in hearings and by established precedent such regulations must yield to special statute where a variance exists. Hearings before the Department of Motor Vehicles are controlled by the provisions of Vehicle Code section 13353 itself, and the department's hearing procedures are specific within the Vehicle Code (§§ 14100-

[2]Appellant's petition for a hearing by the Supreme Court was denied September 5, 1968.

14112)[3] rather than the Administrative Procedures Act (Gov. Code, § 11500, et seq.)." ▮ We hold that the formal hearing was conducted by an officer qualified to act under the appropriate provisions of the Vehicle Code mentioned, *supra,* and that "[T]he provisions of the Administrative Procedure Act (Gov. Code, § 11500 et seq.) are not applicable to hearings conducted under the provisions of the Vehicle Code (Veh. Code, § 14107), and hearing officers of the Department of Motor Vehicles are not required to be attorneys." (*Reirdon* v. *Director of Dept. of Motor Vehicles,* 266 Cal.App.2d 808, 810-811 [72 Cal.Rptr. 614].) (See also *Department of Motor Vehicles* v. *Superior Court,* 271 Cal.App.2d 770, 772-774 [76 Cal.Rptr. 804].)

We are not persuaded by appellant's argument that there is a distinction between the cause before this court and the situations presented in the *Serenko* and *Reirdon* cases, *supra,* by reason of the fact that before the hearing, appellant had demanded that the same be conducted by a "qualified hearing officer to conduct the administrative hearing." Appellant cites no authority to support this contention and there is nothing in either the appropriate sections of the Government Code or Vehicle Code to suggest that such options are available on demand.

### SECOND CONTENTION

Appellant further contends that the Conclusions of Law that he refused to comply with Vehicle Code section 13353 are not supported by substantial evidence in that he was not advised that he had no right to counsel before deciding which test to take and was not advised that he had a right to medical advice at his own expense.

Appellant relies primarily on the case of *Rust* v. *Department of Motor Vehicles,* 267 Cal.App.2d 545 [73 Cal.Rptr. 266], to buttress the argument directed toward the alleged failure of the arresting officer to advise appellant that his right to counsel did not extend to the tests required under the Implied Consent Law. ▮ We have augmented the record on appeal and have closely examined the transcript of the formal hearing before the Department of Motor Vehicles. Throughout eight and one-half pages of appellant's testimony he at no time indicated that he was confused in any manner by the

---

[3]A portion of Vehicle Code section 14107 provides in part that "Any *formal* hearing shall be conducted by the director or by a referee or hearing board appointed by him from officers or employees of the department." (Italics added.)

officer's statement to him that "You have the right to talk to a lawyer and have him present with you *while you are being questioned.*" (Italics added.) In *Rust, supra,* unlike the cause before this court, the arresting officer in the course of telling the arrestee his *Miranda* rights stated that he had a "right, *beginning at that moment,* to an attorney." (Italics added.) The court held that the arrestee might have misconceived the warning and believed he was entitled to have counsel present at the time the chemical test was to be administered. The officer did not give the arrestee any clarifying instructions.

Appellant's contention has been disposed of in a number of cases which hold that when an arrestee is requested to take one of the three chemical tests referred to in Vehicle Code section 13353 he has no right to the prior advice of counsel as to whether or not he will submit to a test, and, if so, which one of the three he should take. (See *Finley* v. *Orr,* 262 Cal.App.2d 656 [69 Cal.Rptr. 137] ; *Fallis* v. *Department of Motor Vehicles,* 264 Cal.App.2d 373 [70 Cal.Rptr. 595] ; *Ent* v. *Department of Motor Vehicles,* 265 Cal.App.2d 936 [71 Cal.Rptr. 726].)

Nor is appellant's position similar to the facts set forth in *Kingston* v. *Department of Motor Vehicles,* 271 Cal.App.2d 549 [76 Cal.Rptr. 614], where the trial court denied the petitioner's application for a writ of mandate "out of hand," thus foreclosing any right to a hearing on whether the arrestee had misinterpreted the *Miranda* warning. The appellate court reversed solely on the basis that the trial judge had abused his discretion. On the cause before this court the record is clear that at the administrative hearing appellant offered no testimony indicating any confusion by reason of the *Miranda* warning. The record is silent on this issue before the trial court.

Nor is there merit in appellant's assertion that there was no substantial evidence to support the court's finding of a refusal by reason of the fact that he was not advised that he could employ a physician of his own choosing at his own expense to administer an additional chemical test. Admittedly, Vehicle Code section 13354[4] provides for such a pro-

---

[4]Of interest is the following portion of Vehicle Code section 13354. "The failure or inability to obtain an additional test by a person [the arrestee] shall not preclude the admissibility in evidence of the test taken at the direction of a peace officer."

cedure but there is no requirement that such information be volunteered to an arrestee.

"A licensee may not qualify his consent to submit to a test by condition that the test be administered by or in the presence of his own physician.

"Such a qualified consent is in fact a refusal to take the test provided by statute. [Citations.]" (*Fallis* v. *Department of Motor Vehicles,* 264 Cal.App.2d 373, 382 [70 Cal. Rptr. 595].)

The trial judge found upon substantial evidence that appellant, after being told that his driving privilege would be suspended for six months if he refused to submit to a chemical test, nevertheless refused to submit to any such test after being requested so to do by an officer. (See *Crawford* v. *Southern Pacific Co.,* 3 Cal.2d 427, at page 429 [45 P.2d 183], and *Richter* v. *Walker,* 36 Cal.2d 634, at page 640 [226 P.2d 593], relating to the province of a reviewing court.)

### THIRD CONTENTION

Appellant further contends that he was denied due process of law in that he was not permitted to secure legal counsel after his arrest and was therefore prevented from extricating himself from the consequences of his refusal to submit to one of the tests.

The record reflects that appellant was arrested at approximately 11:05 p.m. on February 2, 1968, and that at 12:12 a.m. on February 3, 1968, he refused the breathalizer test at the sheriff's station and was then transported to the Los Angeles County main jail, arriving there at 12:31 a.m. Appellant testified that he waited for "possibly an hour" for booking procedures to begin and that it was between 2:30 a.m. and 3 a.m. before he was permitted to make a telephone call. The time interval which elapsed between the arrest and appellant's telephone call was in excess of the three-hour limitation specified in Penal Code section 851.5.[5]

---

[5]Penal Code section 851.5 provides as follows:

"(a) Any person arrested has, immediately after he is booked, and, except where physically impossible, no later than three hours after his arrest, the right to make, at his own expense, in the presence of a public officer or employee, at least two telephone calls from the police station or other place at which he is booked, one completed to the person called, who may be his attorney, employer, or a relative, the other completed to a bail bondsman.

"(b) Any public officer or employee who deprives an arrested person of his rights granted by this section is guilty of a misdemeanor."

As the issue of the time delay was not before the Department of Motor Vehicles hearing officer and so far as can be determined from the record before the trial judge, no evidence was presented from any of the booking officers. If we accept appellant's estimate of time it would appear that it was about 1:30 a.m. on February 3, 1968, before booking procedures were commenced, a lapse of approximately two hours and twenty-five minutes from the time of arrest. If appellant had been permitted to make a telephone call to an attorney after booking processing began and before the three-hour statutory period expired, and as a result of legal advice consented to submit to a chemical test, the results of such test would have little or no probative value. As stated in *In re Martin,* 58 Cal.2d 509, 512 [24 Cal.Rptr. 833, 374 P.2d 801], "It is a matter of common knowledge that the intoxicating effect of alcohol diminishes with the passage of time; hence, the probative value of a blood test diminishes as well. In a short period of time an intoxicated person may 'sober up' sufficiently to negate the materiality of a blood test where the sample has not been timely withdrawn. [Citation.]" (See also *Ent* v. *Department of Motor Vehicles,* 265 Cal.App.2d 936, 940 [71 Cal.Rptr. 726].) Withholding permission to make telephone calls within the statutory three-hour period may or may not have resulted in the commission of a misdemeanor by an officer or officers, but under the facts before this court such has no bearing upon appellant's refusal to submit to a chemical test.

As stated by Mr. Chief Justice Traynor in *People* v. *Sudduth,* 65 Cal.2d 543, 546 [55 Cal.Rptr. 393, 421 P.2d 401]: "In a day when excessive loss of life and property is caused by inebriated drivers, an imperative need exists for a fair, efficient, and accurate system of detection, enforcement and, hence, prevention. [Citation.] . . . A refusal that might operate to suppress evidence of intoxication, which disappears rapidly with the passage of time [citation], should not be encouraged as a device to escape prosecution."

The judgment is affirmed.

Roth, P.J., and Herndon, J., concurred.