Opinion
WOODS, J.
The People appeal from three judgments granting defendants’ motions to dismiss their complaints after demurrers were sustained to the complaints, the People having elected not to amend. We reverse.
Statement of the Case
Respondents were charged in misdemeanor complaints with violations of Vehicle Code section 14601.1, subdivision (a) (driving with a suspended license). None of the respondents had ever been issued a license to drive a motor vehicle by the California Department of Motor Vehicles (DMV). *Supp. 9 However, prior to the date of these alleged offenses, the DMV had suspended respondents’ driving privileges, and respondents had received notices of the suspensions.
Each respondent demurred to the complaint against him on the ground that section 14601.1, subdivision (a), did not apply to a person who had never been issued a license to drive a motor vehicle. The trial court held that unlicensed persons, who drive after the DMV suspends their driving privileges with due notice, can be prosecuted only under Vehicle Code section 12500 (unlawful to drive unless licensed) and sustained the demurrers with leave to amend. The trial court dismissed the cases when the People elected not to amend. The People appeal from all three judgments of dismissal.
Discussion
Vehicle Code section 14601.1, subdivision (a) provides that: “No person shall drive a motor vehicle when his or her driving privilege is suspended or revoked for any reason . . . when the person so driving has knowledge of the suspension or revocation. Knowledge shall be presumed if notice has been given . . . .” (Italics added.)
Since respondents were driving after they had been given notice that their driving privileges had been suspended, respondents are implicated by the plain meaning of the statute. (Great Lakes Properties, Inc. v. City of El Segundo (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154 [561 P.2d 244].)
Further support for this interpretation is found in Vehicle Code section 13553 which provides that: “Whenever a court or the department suspends or revokes the privilege of any person to operate a motor vehicle and the person does not hold a valid driver’s license, or has never applied for or received a driver’s license in this State, the person shall be subject to any and all penalties and disabilities provided in this code for a violation of the terms and conditions of suspension or revocation of the privilege to operate a motor vehicle.” (Italics added.)
An analogous situation is found in Serenko, a case in which the court upheld the statutory suspension of a license to operate a motor vehicle for refusing to submit to a sobriety test. (Serenko v. Bright (1968) 263 Cal.App.2d 682 [70 Cal.Rptr. 1].) The defendant in Serenko argued that the statute did not apply to her since the effective date of the statute was after the date of issuance of her license to operate a motor vehicle. The court reasoned that it was the privilege of driving upon the highways, not the *Supp. 10 obtaining of a license, which gave implied consent to the sobriety test, even for unlicensed drivers. (Id., at p. 687.)
In the instant case, the suspension of driving privileges is separate and apart from the licensing of respondent to operate a motor vehicle. The counts for violation of Vehicle Code section 14601.1, subdivision (a) were properly pled and the sustaining of the demurrers thereto was erroneous.
The judgments of dismissal are reversed.
Margolis, P. J., and Newman, J., concurred.