[Civ. No. 25115.   First Dist., Div. Two.   Dec. 23, 1968.]

RALPH KENT FANKHAUSER, Plaintiff and Respondent, v. VERNE ORR, as Director of the Department of Motor Vehicles, Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Victor D. Sonenberg, Deputy Attorney General, for Defendant and Appellant.

Frank William Newton for Plaintiff and Respondent.

SHOEMAKER, P. J.—This is an appeal by the Director of the Department of Motor Vehicles from a judgment granting plaintiff Ralph Fankhauser a peremptory writ of mandate compelling the vacation of certain orders suspending plaintiff's driver's license.

The record reveals that there was filed with the Department of Motor Vehicles ("Department") a sworn declaration by a peace officer, under section 13353 of the Vehicle Code, setting forth that on January 30, 1967, plaintiff Fankhauser had refused to take any of the three tests therein provided for, and that the other requirements of the statute had been met as the basis for an order suspending plaintiff's license for six months. On February 9, 1967, the Department suspended plaintiff's license for six months effective February 23, 1967.

Plaintiff thereafter made a timely request for a hearing before the Department, failing to indicate whether it should be formal or informal; and an informal hearing was scheduled for March 13, 1967.

At the hearing before the Department, plaintiff testified that he was arrested by an officer of the California Highway

Patrol and was handcuffed. He admitted that the officer probably had reasonable cause for stopping him, but stated that he could not remember the officer reading him the required statement relative to the taking of a chemical test and likewise did not remember refusing to take any test. He also stated that he thought he had only consumed five or six beers prior to being stopped and thought that his problem was caused by the fact that he had had the flu for four or five days and had been unable to eat during that period.

During the course of the hearing, plaintiff's attorney objected to the use of the peace officer's sworn statement on the ground that it was hearsay. He also asserted that even if plaintiff had refused to take a chemical test to determine the alcoholic content of his blood, such refusal was justified under the privilege against self-incrimination.

On the basis of evidence consisting solely of plaintiff's testimony and the officer's sworn statement, the referee made findings to the effect that plaintiff had been placed under arrest; that the arresting officer had reasonable cause to believe that he was driving while under the influence of alcohol; that plaintiff was informed that his driver's license would be suspended for six months unless he submitted to a chemical test and that plaintiff refused to take any such test.

On March 20, 1967, plaintiff was notified that the order suspending his license had been upheld and that such suspension would become effective on March 29, 1967.

On March 23, 1967, plaintiff commenced the instant proceeding. As grounds for relief, plaintiff alleged that he had been deprived of a fair hearing before the Department because the Department had produced no witnesses and had relied solely upon the peace officer's sworn statement, despite the fact that plaintiff had vigorously objected to its introduction on the ground that it was hearsay and that its use deprived plaintiff of the opportunity to cross-examine the officer. Plaintiff also alleged that the order upholding the suspension of his license was invalid because he had denied any knowledge of a request by the peace officer that he submit to a test ''and/or refusal by him to submit to such a test.'' Plaintiff finally alleged that even if there was sufficient evidence, other than hearsay, to show that he did refuse to take a chemical test, such refusal was justified by the privilege against self-incrimination.

Upon issuance of an alternative writ and order to show cause, defendant filed a return asserting the validity of the suspension.

The court found that plaintiff was arrested on January 30, 1967, for a violation of section 23102, subdivision (a), of the Vehicle Code; that the arresting officer had reasonable cause to believe that plaintiff had been driving under the influence of alcohol; that the arresting officer requested plaintiff to submit to a chemical test of his blood, breath or urine to determine the alcoholic content of his blood and warned plaintiff that a failure to submit to such a test would result in a six-month suspension of his driver's license; that plaintiff purported to refuse the test but was in such a degree of intoxication as to render him incapable of refusing to take the required test.

The court concluded as a matter of law that the Department could, at an informal hearing, rely upon the written sworn statement of the arresting officer in support of its findings; that plaintiff was in a condition rendering him incapable of refusing the test provided for in section 13353, subdivision (a), of the Vehicle Code; that the raising of the defense of incapability of refusing to take the required tests avoided an express or implied waiver of the right to rely upon said defense; that the requirements of section 13353 of the Vehicle Code did not violate plaintiff's privilege against self-incrimination; that plaintiff was entitled to a judgment granting him a peremptory writ of mandate commanding defendant to set aside its decision upholding the suspension of plaintiff's license and to reconsider such action in the light of the court's findings of fact and conclusions of law. Judgment was accordingly entered.

■ In the instant case, the judgment appealed from cannot be upheld on the basis of the trial court's finding and conclusion of law to the effect that plaintiff was so intoxicated at the time of his arrest that he was incapable of refusing to submit to a chemical test to determine the alcoholic content of his blood. In *Bush* v. *Bright* (1968) 264 Cal.App.2d 788, 793 [71 Cal.Rptr. 123], the court held that if the requirements of Vehicle Code, section 13353, were otherwise met, a driver who refused or manifested an unwillingness to take the required test was subject to the license suspension provisions of the section "regardless of the degree of his voluntary intoxication or lack of understanding resulting therefrom. . . ."

■ There is likewise no merit to plaintiff's contention that his privilege against self-incrimination was violated.

(*Finley* v. *Orr* (1968) 262 Cal.App.2d 656, 660-663 [69 Cal.Rptr. 137].)

Plaintiff also contends that the decision upholding the suspension of his license was based solely upon the arresting officer's sworn statement, as to which plaintiff had objected on hearsay grounds. Although no prior case involves a situation in which such an objection was actually made at the hearing before the Department, two decisions written in July 1968 by Justice Whelan of the Fourth District, Division One, Court of Appeal, do discuss the weight to be accorded the arresting officer's sworn statement in the absence of an objection. Thus in both *August* v. *Department of Motor Vehicles,* 264 Cal.App.2d 52 [70 Cal.Rptr. 172], and *Fallis* v. *Department of Motor Vehicles,* 264 Cal.App.2d 373 [70 Cal. Rptr. 595], it was held that where the hearing before the Department was informal and the licensee did not object to the use of the statement as hearsay and did not request that the arresting officer be present at the hearing, the sworn statement constituted *prima facie* evidence regarding all matters as to which there was no evidence to the contrary. However, in *August*, the court noted that in the absence of a statutory authorization, it has been held to be error to admit hearsay over objection in administrative hearings. (264 Cal.App.2d at p. 64).

The question squarely presented in the instant case is whether such statutory authorization for the admission of hearsay does exist. We find that it does.

Vehicle Code, section 13353, subdivision (c), provides that where the licensee makes a timely request therefor, he shall be afforded a hearing "in the same manner and under the same conditions as provided in Article 3 (commencing with Section 14100) of Chapter 3 of this division."

Vehicle Code, section 14104 (which is contained in Chapter 3) provides that "Whenever an informal hearing is granted . . . it shall be conducted in a completely informal manner, the only requirement being that the . . . licensee shall have the opportunity to make or file a written answer or statement in which he may controvert any point at issue or present any evidence or arguments for the consideration of the department, or the person may present orally to the department any evidence or statement pertinent to the question and submit the question for determination by the department.

"The department may consider any of the records or reports referred to in Section 14108."

Vehicle Code, section 14108, provides that "At any formal hearing the department shall consider its official records and may receive sworn testimony. . . ."

Here, the arresting officer's sworn statement, having been duly filed with the Department under Vehicle Code, section 13353, is an official record of the Department within the meaning of Vehicle Code, section 14108. As such, it was entitled to consideration at either an informal or formal hearing before the Department.

█ It is settled that the provisions of the Government Code dealing with administrative hearings are not applicable to informal hearings under Vehicle Code, section 14104. (*Hough* v. *McCarthy* (1960) 54 Cal.2d 273, 286-287 [5 Cal. Rptr. 668, 353 P.2d 276]; *August* v. *Department of Motor Vehicles, supra,* at pp. 59-61.) In the former case, the evidence produced at the informal hearing before the Department included the licensee's driving record. In the case of *Beamon* v. *Department of Motor Vehicles* (1960) 180 Cal. App.2d 200, 209 [4 Cal.Rptr. 396], the Department considered evidence of prior traffic violations which had terminated in disciplinary action against the licensee. The appellate court held that the admission of such evidence was proper and that the licensee's rights were adequately protected by the statutory provision (now contained in Veh. Code, § 14104) authorizing him to present at the hearing evidence controverting the information obtained from the Department's files and to submit the question of fact to the Department for determination.

█ We are satisfied that even though the officer's sworn statement did constitute hearsay, it was hearsay specifically made admissible by statute. (See Witkin, Cal. Evidence (2d ed. 1966) p. 588.) Hence, the referee was correct in overruling plaintiff's objection thereto. Plaintiff was obviously entitled to produce evidence controverting the statement at the hearing and, had he chosen to do so, could have called the arresting officer himself. Instead, he relied solely upon his own testimony which furnished additional support for the referee's finding that the officer had probable cause to stop him and in no way controverted the other averments of the officer's sworn statement. (See *August* v. *Department of Motor Vehicles, supra,* at p. 67.)

The judgment granting plaintiff a peremptory writ of mandate is reversed, and the trial court is hereby directed to enter judgment for defendant.

Agee, J., and Taylor, J., concurred.