[Civ. No. 25741.   First Dist., Div. One.   June 25, 1969.]

HERBERT W. NOLL, Plaintiff and Appellant, v. DEPART-
MENT OF MOTOR VEHICLES, Defendant and Re-
spondent.

William T. Belcher, Jr., for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Victor D. Sonenberg, Deputy Attorney General, for Defendant and Respondent.

SIMS, J.—Petitioner and appellant, a licensed driver, has appealed from a judgment of the superior court denying his

supplemental petition for a peremptory writ of mandate to direct the Department of Motor Vehicles to vacate its order suspending his driver's license for six months, pursuant to the provisions of section 13353 of the Vehicle Code. He contends that he was deprived of the right of cross-examination by the conduct of the arresting officer and the hearing officer, and that the department and the hearing officer were without jurisdiction to hear the matter because of the provisions of the Administrative Procedures Act and of the Vehicle Code itself.

The second issue has been resolved against the driver. "Hearings before the Department of Motor Vehicles are controlled by the provisions of Vehicle Code section 13353 itself, and the Department's hearing procedures are specified within the Vehicle Code (§§ 14100-14112) rather than the Administrative Procedures Act (Gov. Code, § 11500 et seq.)." (*Serenko* v. *Bright* (1968) 263 Cal.App.2d 682, 689 [70 Cal.Rptr. 1] [hearing in S.Ct. denied September 5, 1968].) In the same case the court concluded, ". . . the officers or employees of the department who may be appointed by the director to fulfill this function may not be required to have any higher qualifications than the director whom they represent." (*Id.,* at p. 690.) The driver suggests that this court take a different approach. The reasoning of *Serenko* is persuasive and it has been generally followed. (See *Department of Motor Vehicles* v. *Superior Court* (1969) 271 Cal.App.2d 770, 772-773 [76 Cal.Rptr. 804]; *Westmoreland* v. *Chapman* (1968) 268 Cal.App.2d 1, 4-5 [74 Cal.Rptr. 363]; *Fankhauser* v. *Orr* (1968) 268 Cal.App.2d 418, 423 [74 Cal.Rptr. 61]; and *Reirdon* v. *Director of Dept. of Motor Vehicles* (1968) 266 Cal.App.2d 808, 810-811 [72 Cal.Rptr. 614].) The suggestion is rejected.

A review of the proceedings prior to the examination of the arresting officer is necessary to an understanding of the remaining issue. An order of suspension under the provisions of section 13353 of the Vehicle Code was issued on December 20, 1966 as a result of the arrest of Noll on November 21, 1966. He requested a formal hearing, and such a hearing was held on January 23, 1967. At the hearing the department relied upon the officer's written statement to the department, executed under penalty of perjury. It related the essentials necessary to establish grounds for suspension under the applicable section. At the hearing admissions were also elicited from the driver. The suspension was upheld by the department. The driver thereupon filed his original petition

for a writ of mandate. The department filed a return to the alternative writ which had been issued. After a hearing the court made the following conclusions of law:

"I The affidavit of the highway patrolman relied upon by the Department of Motor Vehicles was hearsay evidence, inadmissible over objection in a civil action.

"II In relying upon such evidence, the respondent did not proceed in the manner required by law in the conduct of the proceedings relating to the suspension of petitioner's driver's license."[1] It ordered judgment as follows: "That the peremptory writ of mandate shall issue addressed to the respondent commanding the setting aside of said order without prejudice to the respondent's taking further action with respect to petitioner's driver's license, not inconsistent with the conclusions and judgment of this court, including the resetting of a hearing to be conducted pursuant to procedures consistent with the conclusions and judgment of this court." A peremptory writ did issue on May 19, 1967, and thereafter a second hearing at which the officer was present was held on June 22, 1967.

At the second hearing the officer testified that he made the official report under section 13353 which had been used in the original proceedings; that his attention was directed to petitioner's car because it "went over the double yellow line, passing approximately 2 cars, forcing the other cars, northbound, to the curb, . . . Subsequently, he went through a red light, without stopping. . . ." When questioned about what happened after he stopped the vehicle the officer stated, "I can't remember too much in detail without looking at my report—my sobriety report." Neither the sobriety report, nor any other arrest report had been brought to the hearing by the

---

[1]The propriety of these conclusions is questionable in view of *Fankhauser* v. *Orr* (1968) 268 Cal.App.2d 418 [74 Cal.Rptr. 61], wherein the court concluded, "We are satisfied that even though the officer's sworn statement did constitute hearsay, it was hearsay specifically made admissible by statute. (See Witkin, Cal. Evidence (2d ed. 1966) p. 588.) Hence, the referee was correct in overruling plaintiff's objection thereto. Plaintiff was obviously entitled to produce evidence controverting the statement at the hearing and, had he chosen to do so, could have called the arresting officer himself. Instead, he relied solely upon his own testimony which furnished additional support for the referee's finding that the officer had probable cause to stop him and in no way controverted the other averments of the officer's sworn statement. (See *August* v. *Department of Motor Vehicles, supra* [(1968) 264 Cal.App.2d 52] at p. 66 [70 Cal.Rptr. 172].)" (268 Cal.App.2d at p. 423; and cf. *Fallis* v. *Department of Motor Vehicles* (1968) 264 Cal.App.2d 373, 379 [70 Cal. Rptr. 595]; and *August* v. *Department of Motor Vehicles* (1968) 264 Cal.App.2d 52, 60-63 [70 Cal.Rptr. 172].)

officer, and neither was then and there otherwise available. He was permitted to refresh his recollection from the report made to the department under section 13353.

The officer recalled asking the petitioner to perform the street sobriety test. He asked him to walk a straight line and requested him to take balance tests. He also filled out the field sobriety report by asking the petitioner questions and reporting the answers. The officer then testified without objection, "Upon completing this, I felt that the respondent was under the influence of alcohol while driving, so I arrested him for section 23102 V.C." He further testified that he requested the petitioner to take a blood alcohol test, that he explained to him the three options and the consequences of a refusal, and that the petitioner refused.

On cross-examination, petitioner's attorney brought out that the field sobriety test consisted of a whole series of tests such as standing, walking, touching nose and things like that; that the witness could not testify in detail what the petitioner actually did on those tests without the missing report; and that without refreshing his recollection from the report he could not relate in detail what factors led him to believe the petitioner was under the influence. The officer admitted that without the report he would not know whether the petitioner came through the balance tests "poorly or fairly," nor whether the petitioner was "stinking drunk or just enough under the influence of liquor to justify arrest," nor whether he was "so intoxicated . . . that he was unable to comprehend the nature of the questions being asked him."

When the referee attempted to question the officer concerning his conclusion as to whether the petitioner passed or failed the tests, the attorney for the petitioner objected, and stated, ". . . the reason we are having the continued hearing is so that the attorney may be given the right to cross-examine the arresting officer, but the officer does not have the material, so he is unable to be cross-examined, and the whole purpose of the continued hearing is defeated." The referee sustained the objection and brought out that when he previously contacted the officer regarding the necessity of appearing, he had advised him to check his files at the police department to further refresh his memory of the incident.

From the foregoing it is obvious that the petitioner was not curtailed in his cross-examination of the officer. (See Gov. Code, § 11513, subd. (b).) ██ "The chief object of cross-examination is to test the credibility, knowledge, and recollec-

tion of the witness." (*People* v. *Watson* (1956) 46 Cal.2d 818, 827 [299 P.2d 243].) He successfully tested the knowledge and recollection of the witness and established that it was imperfect. (See Evid. Code, § 780, subd. (c).)

If petitioner had wished to go into the matters which might be revealed by the sobriety or arrest report the proper procedure would have been to request an order that the officer produce it, or to secure a continuance so it could be produced under a subpoena duces tecum. He attempts to excuse his failure to do so by reference to the provisions of subdivision (c) of section 13353 reading as follows: "An application for a hearing made by the affected person within 10 days of receiving notice of the department's action shall operate to stay the suspension by the department for a period of 15 days during which time the department must afford a hearing. If the department fails to afford a hearing within 15 days, the suspension shall not take place until such time as the person is granted a hearing and is notified of the department's action as hereinafter provided. However, if the affected person requests that the hearing be continued to a date beyond the 15-day period, the suspension shall become effective immediately upon receipt of the department's notice that said request for continuance has been granted."

He contends that any request for a continuance would meet with a termination of the statutory stay and an immediate suspension. The referee did so indicate at the initial hearing when the question of continuing the hearing to secure the officer's presence arose. ■ The statutory provisions, however, appear to refer to the time of commencement of the hearing, or at the most, as was the case at the original hearing, a continuance to accommodate the affected person's failure to prepare or to make a timely request for the production of witnesses or evidence under the control of the department. The statute should preclude terminating a stay pending completion of the hearing, which the department "must afford," when the delay is occasioned by the failure of the department's witness to produce documents which are material to his testimony.

■ Since charges were laid against the petitioner, he had a right to discover the contents of the reports concerning his arrest. From all that appears the report may have been adverse to petitioner's case. He cannot assert the contrary without having made an offer of proof, or at least a request for the production of the report. Since the absence of the

report is unexplained, it will not be assumed that it was wilfully suppressed. (Cf. Evid. Code, § 413; and see *People* v. *Chapin* (1956) 145 Cal.App.2d 740, 748-753 [303 P.2d 365].) In *People* v. *Chapin, supra,* the court observed, "Defendant's desire to see the police records and statements is not based upon a claim that they contain stronger evidence than that produced, but upon the hope that he might find something in them contradictory to the evidence produced." (145 Cal.App. 2d at p. 751. See also *People* v. *Adams* (1967) 249 Cal.App.2d 501, 507-508 [57 Cal.Rptr. 389]; and *People* v. *Galvan* (1962) 208 Cal.App.2d 443, 449-450 [25 Cal.Rptr. 128].)

The record sustains the following findings and conclusions of the trial court: "Said officer, who testified at petitioner's hearing before respondent, had a recollection of many of the events surrounding petitioner's arrest and refusal to take the test although he could not remember the details of some of these events"; and "Petitioner was not prejudiced by the inability of the police officer, who was the respondent's witness, to remember some of the details of the events in connection with his arrest of petitioner and petitioner's refusal to take the test since the weight of the evidence that is in the record supports respondent's findings." Petitioner's assertion of error cannot be sustained.

The evidence before the referee established the facts necessary to warrant a suspension under section 13353, and the trial court properly denied relief under the supplemental petition.

The judgment is affirmed.

Molinari, P. J., and Elkington, J., concurred.